## No. 8990.

### THE STATE OF LOUISIANA VS. MICHAEL J. O'HARA.

Act No. 4, of 1882, sec. 10, is not unconstitutional.

The license imposed is graduated and uniform, as is required by articles 206 and 203 of the Constitution.

The word "*graduate,*" there used, means "*proportion.*" The Legislature can levy a license tax, where the amount is regulated and fixed on an established basis, to which it must bear a certain proportion. The Legislature can divide trades, professions, vocations and callings into classes and assess a license on the persons composing the several classes, provided it be equal and uniform on all the persons of the same class.

A license for keeping places for "*variety performance*," can well be graduated or propor- tioned on the basis of the population of the city or town in which the same are kept.

A law which imposes such license for keeping such places in cities or towns, the population of which *exceeds* 25,000 souls and fixes the same at $1000, and which imposes such license for keeping such places in such cities or towns, the population of which is *less* than 25 - 000 souls and fixes the same at $500, operates equally and uniformly on the two classes, and does not violate the constitutional provision against local or special legislation. It is general in its purpose and in its terms, and designed to reach all persons belonging to each class, throughout the whole territory of the State.

APPEAL from the Civil District Court for the Parish of Orleans. *Lazarus*, J.

John McEnery and W. B. Sommerville for Plaintiff and Appellee.

B. R. Forman and F. Kernan for Defendant and Appellant.

The opinion of the Court was delivered by

BERMUDEZ, C. J.   This is a suit for the collection of a license of $1000 from the defendant, for keeping a fixed place in the city of New Orleans for variety performance and a bar-room.

The defense is, that the defendant cannot be held liable for more than a license of $175 for the first object and $250 for the second pur- pose, which were tendered and declined; that the act under the provi- sions of which the action is brought (Act 4, of 1882) is unconstitutional in this: that the license tax which it levies is not graduated as required by article 206, and is not equal and uniform as is required by article 203, of the Constitution.

From an adverse judgment the defendant appeals.

He contends here that as the record does not contain any evidence in support of plaintiff's demand, this is good ground for the reversal of the judgment.

This Court will presume that the lower court had before it a state of facts sufficient to justify its finding, if otherwise warranted by law. The plaintiff was not bound to have the evidence reduced to writing. It was the duty of the defendant, if he thought the facts did not justify the judgment, to have caused a statement of facts to be prepared before applying for an appeal.

In that regard the transcript is likewise deficient as concerns the defense itself, that the theatre kept by the defendant has a seating capacity of less than five hundred seats, a fact which he says would authorize a license of $175 only.

The real defense is, that the license tax claimed is *not graduated* and *not equal and uniform*.

State vs. O'Hara.

Article 206 of the Constitution, provides that "the Legislature may levy a license tax and, in such case, shall *graduate* the amount of such tax, to be collected from the persons pursuing the several trades, professions, vocations and callings."

It is remarkable that while the Constitution requires that the Legislature shall *graduate* the amount of such tax, it lays down no rule and places no limitation for the exercise of that taxing power. So that any rational mode of graduation which in its wisdom the Legislature may deem advisable to adopt, comes within the tenor and purview of the constitutional language. 35 A. 76.

The word *graduate*, used in the article, can only mean *proportion*. Under its requirement, the Legislature cannot levy a license tax unless the amount of such tax be regulated and fixed according to a certain established basis, to which it must bear a certain proportion. It implies the previously recognized power of the Legislature, in matters of this kind, to divide trades, professions, vocations and callings into classes and to assess a license, different and variable in amount, upon the persons composing the several classes. The only restriction placed upon the power by the Constitution is, that the license tax, likened in this respect to a tax on property, shall be equal and uniform on all persons of the same class.

The act under consideration, sec. 10, establishes, graduates and proportions the license tax for the occupations classified under the head of AMUSEMENTS.

It provides: "That for any place where can-can, clodoche, or other similar female dancing, or sensation performance, or statuary exhibitions are shown, or any other fixed place for either theatrical, musical, minstrel, concert, dancing, or variety performance, exhibitions, amusements, or show, the license shall be one thousand dollars in cities with a population of more than twenty-five thousand, and in cities and towns with less population the license shall be five hundred dollars."

The business of keeping such places of amusements is divided into two classes: *first*, that of keeping such place in cities with a population exceeding twenty-five thousand souls; and *second*, that of keeping such place in cities or towns having a smaller population. The license on persons composing the first class is $1000, and on those belonging to the second is $500.

The licenses are graduated, are proportioned, are fixed, on the basis of the population of the place where the business is to be carried on, and are equal and uniform on all the persons of each class. The law is not therefore amenable to the charges of either ambiguity, obscurity, or unconstitutionality.

The objection is untenable that the law discriminates odiously and therefore violates the constitutional prohibition against local or *special* legislation.

The law is general in its purpose and in its terms. It is designed to operate throughout the whole territory of the State and to reach all persons within her borders belonging to both classes and carrying on the business taxed.

It does not say or mean that persons pursuing the business in New Orleans shall pay $1000, and in other cities or towns within the State $500, although it may be that it does actually operate in that manner; but it must be remembered that laws are not passed to live a short life, and that it is not a mere possibility that towns now counting a population less than 25,000 souls may not *labentibus annis*, fortune and prosperity smiling on them, become large and populous cities, casting umbrage on the present great metropolis of the State.

Laws, as a rule, must be general in their scope and application. That under consideration emanates from a Legislature which had in mind and faithfully observed the ancient maxim, "*Lex uno ore, omnes alloquitur.*"

There being no error in the judgment appealed from,

It is affirmed, with costs.

Rehearing refused.