(November 14, 1896.)

## NORMOYLE v. LATAH COUNTY.
### [46 Pac. 831.]

LICENCE LAW CONSTRUED.—The statutes of 1895 (Sess. Laws Idaho, 1895, p. 82), provide that in any city, town, village, or hamlet where at the last general election next preceding the date of the application for license, the total vote for governor exceeded one hundred and fifty votes, the sum to be paid for license shall be $500 per annum. In a precinct where the vote was in excess of one hundred and fifty, although there was included in said precinct an incorporated town, village, or city, but only one polling place for the whole precinct, the number of votes cast at such precinct is the criterion by which the amount of license must be governed.

(Syllabus by the court.)

APPEAL from District Court, Latah County.

Attorney General George M. Parsons and McNamee & Morgan, for Appellant.

Plaintiff being a retail liquor dealer in the city of Kendrick, in Latah County, Idaho, contends that for the quarter ending October, A. D. 1895, he is only required by law to pay the sum of seventy-five dollars liquor license for said qaurter; while defendant contends that plaintiff should pay the sum of $125 per quarter. The subject matter of litigation in this action arises out of the construction of the law governing the sale of intoxicating liquors in the state of Idaho, approved March 9, 1895, and amendatory of the law governing the sale of intoxicating liquors approved February 6, 1891. It was the evident intention of the legislature which passed the law of 1895, governing the sale of intoxicating liquors, to

graduate the license tax for selling the same by the populousness of the community in which the business was carried on. (Idaho Laws, 1895, p. 82; *State v. Doherty*, 3 Idaho, 384, 29 Pac. 855.)

Cozier & Pickett, for Respondent.

No brief filed.

HUSTON, J.—This is an action brought by plaintiff to recover back the sum of fifty dollars claimed to have been unlawfully exacted from him by the sheriff of said county, as collector of licenses, and paid by plaintiff under protest. The license was collected under provisions of section 4 of an act of the Idaho legislature (see Sess. Laws 1895, p. 82), which is as follows:

"Sec. 4. The amount to be paid by each applicant for such license shall be the sum of five hundred dollars per year, or a proportionate amount for each fraction of a year, in any city, town, village, or hamlet, where, at the last general election next preceding the date of the application for license, the total vote for governor exceeded one hundred and fifty votes, and three hundred dollars per year in all other cities, towns, villages or hamlets."

The "City of Kendrick," so called, is within the precinct of Kendrick, only a portion of which is included in the corporate limits of the city of Kendrick. There was but one polling place in said precinct, and the number of votes cast at that polling place for governor at the election in 1894 (the last election preceding the application for license) was in excess of one hundred and fifty votes. The polling list is the only evidence available or permissible to establish the facts required by the statute upon which to fix or base the amount of license to be required; and it is conceded that, by that evidence, the amount demanded and received by the sheriff was the proper amount. (*State v. Doherty*, 3 Idaho, 384, 29 Pac. 855.) There was no brief filed by respondent in this case, nor any argument made. The judgment of the district court is reversed, with costs.

Morgan, C. J., and Sullivan, J., concur.