No. 13,906.

M. L. SWORDS, SHERIFF AND TAX COLLECTOR vs. G. R. BAILLIO.

SYLLABUS. .

There is no conflict between Article 48 and the concluding paragraph of Article 229 of the Constitution of 1898. The latter merely gives the General Assembly authority to exempt municipalities from the payment of parish licenses when the licenses levied by such municipalities are equal in amount to those levied by police juries for parochial purposes; but in the case of towns of less than 2500 inhabitants this must be done by a *general* law applicable alike to all municipalities of that class, and not by a *special* law applicable alone to one municipality.

A PPEAL from the Sixteenth Judicial District, Parish of St. Landry —*Lewis, J.*

*William J. Sandoz* for Plaintiff, Appellee.

*Kenneth Baillio* for Defendant, Appellant.

*R. Lee Garland,* District Attorney (*E. B. DuBuisson,* of Counsel), for the Parish of St. Landry, intervenor, Appellee.

The opinion of the court was delivered by

BLANCHARD, J. This is an action to enforce payment by defendant cf a parish license of $2,000 for conducting the business of retail liquor dealer for the year 1901, together with 2 per centum per month interest thereon, as penalty, from January 1, 1901, and 10 per centum on the amount to be collected as attorney's fees.

The allegation is made that this license was duly levied by the parish authorities, but that the defendant resisted the collection of the same on the ground that he was exempted therefrom by the terms of Act 141 cf the acts of 1900.

The petition then charges that the act under which the exemption is claimed is unconstitutional because contravening the provisions of Art. 48 of the Constitution of 1898.

Defendant answered pleading the Act 141 of 1900 in bar of plaintiff's recovery, affirming the same to be constitutionally valid, and, in any event, denying plaintiff's right to the penalty of 2 per cent. per month and the 10 per cent. claimed as attorney's fees.

There was judgment below sustaining the plaintiff's contention that the act of 1900, pleaded in bar of his recovery, is unconstitutional, and decreeing recovery against defendant as prayed for, except as ⟨to the demand for 2 per cent. per month penalty, which was disallowed.

From this judgment defendant appeals.

In this court, plaintiff, by way of answer to the appeal, prays amendment of the judgment in so far as it denies recovery of the 2 per cent. per month penalty, and asks that the same be allowed.

*Ruling*—Defendant does business as retail liquor dealer in the town of Washington.

The town has a population of 1,200 people and is duly incorporated.

The town authorities, by ordinance, levied for the year 1901 a license

tax on retail liquor dealers doing business in the town, equal in amount to that levied by the police jury of the parish for the same business in the same year, and this license, amounting to $2,000, so levied by the town of Washington, the defendant has paid.

The license of $2,000.00 levied by the police jury on the business he conducts he declined to pay.

This declination rests upon Act 141 of 1900, which is as follows:

"Be it enacted by the General Assembly of the State of Louisiana, That the Town of Washington, in the Parish of St. Landry, be exempted from the payment of parochial licenses, upon the municipal authorities imposing a license equal to that of the parish authorities."

And for constitutional authority for the enactment by the legislature of this statute, the concluding paragraph of Art. 229 of the Constitution of 1898 is pointed to.

That paragraph reads:

"The General Assembly shall have authority to provide that municipalities levying license taxes, equal in amount to those levied by Police Juries for parochial purposes, shall be exempted from the payment of such parochial licenses."

But plaintiff contends that not alone by the light of the foregoing provision of the Constitution must the statute of 1900 be read and tested.

He insists there are other provisions of the Constitution having an important bearing on the issue raised, and that on a just consideration of these, in connection with the one relied on by the defense, must decision be reached.

The provisions referred to are to be found in Article 48 of the Constitution. One clause of that article declares that the General Assembly shall not pass any local or special law:—

"Creating corporations, or renewing, extending or explaining the charters thereof:—provided, this shall not apply to municipal corporations having a population of not less than twenty-five hundred inhabitants, or to the organization of levee districts and parishes."

Another clause declares that no local or special law shall be enacted:

"Granting to any corporation, association or individual any special or exclusive right, privilege or immunity."

Testing Act 141 of 1900 by these prohibitive declarations of the original law, it will not stand a moment.

What does this act do?

It singles out one particular town in the State from the hundreds having less than twenty-five hundred inhabitants, and grants it special immunity from the payment of license taxation levied in virtue of parochial authority.

It, in effect, amends and extends the charter of the town of Washington. The charter of that municipality, which was adopted in 1897, under the general laws of the State, does not and could not exempt the inhabitants of the town from the payment of parish licenses. The act of 1900 does so, and, thus, gives the town a power it did not have before. If this be not so, then was there no reason for its passage.

Again, Section 21 of the existing charter of the town declares that no person pursuing an occupation in the town shall be called on to pay a greater license tax than the State exacts for the same calling.

Under the law the State license for pursuing the occupation of retail liquor dealer is $100. Yet the act of 1900 is authority for the town of Washington to impose a license on a retail liquor dealer as great as $2,000.

So, there is no escaping the conclusion that the act amends and extends the charter of the town.

It is, therefore, in clear and palpable violation of those provisions of Article 48 of the Constitution referred to.

It remains to be seen whether, as is the contention of the defendant, the situation is altered and the act saved, notwithstanding its contravention of Article 48 of the Constitution, by the concluding paragraph of Article 229 above quoted.

Does this paragraph control and render inoperative, as to an act like the one under consideration, the inhibition of Article 48?

Constitutions, like statutes, must be so construed as to give force and effect to all their provisions when such a construction may be deduced from the terms employed.

There is no conflict between Article 48 and the last paragraph of Article 229, and it requires no strained construction to make the two harmonize.

The latter article merely gives the Legislature authority to exempt municipalities from the payment of parish licenses when the licenses levied by such municipalities are equal in amount to those levied by police juries for parochial purposes; but in case of towns less than 2500 inhabitants, this must be done by a *general* law applicable alike to all municipalities of that class, and not by a special law.

It is only as to the charters of the cities and larger towns of the State—those having a population of not less than twenty-five hundred inhabitants—that the Legislature has authority to deal through the medium of *special* laws. State *ex rel.* Fortier vs. Capdevielle, 104 La. 561.

The above contention is not only reasonable, but accords with both the letter and spirit of the Constitution viewed as a whole, and permits to each of the articles referred to its due force and effect.

Under the theory of State government which obtains, the Legislature, on all matters not prohibited by the Constitution, Federal and State, is supreme and may enact into law any measure it sees proper.

There was, therefore, no necessity for the insertion of the last paragraph of Article 229, unless, by reason of some other provision of the Constitution, the General Assembly was prohibited from passing a law falling within said grant of authority.

That prohibition was not contained in Article 48, since that article deals only with the denial of power in the matter of local and special laws.

We look for it and find it, however, in another article—one on the subject of taxation, with which the paragraph of Article 229, under consideration, also deals.

"Taxation shall be equal and uniform throughout the territorial limits of the authority levying the tax," is the opening declaration of Article 225

The word "taxation," as here used, includes both property taxes and license taxes. State vs. O'Hara, 36 La. Ann. 95.

Property taxation must be equal and uniform based on value; license taxation must be equal and uniform on all persons of the same class.

Therefore, under the mandatory direction of Article 225 as to the equality and uniformity of taxation, the Legislature would have been powerless to exempt *any* city or town from the payment of parish licenses had it not been for the qualification and modification put upon Article 225 by the concluding paragraph of Article 229.

We conclude, with the district judge, in whose very clear and capable opinion we concur, that the defendant is not exempted from the payment of the parish license herein sued for.

We agree with him also, and for the reasons he assigns, that plaintiff is entitled to recover 10 per cent. upon the amount to be collected herein as fees of counsel appointed to aid the tax collector in the collection of State and parish licenses. Sections 20 and 26 of Act 171 of 1898.

With regard to the penalty of 2 per cent. per month upon the amount of the delinquent license the defendant owed, the judge correctly held such penalty did not accrue, or begin to run, until the first day of March.

The language of the statute is:—

"That all unpaid licenses shall bear interest at the rate of two per cent. per month from the first day of March," etc.

And inasmuch as the 1st of March, 1901, had not yet arrived when he decided this case (his judgment being dated February 12, 1901,) he was right in rejecting the demand at that time for the penalty.

But the 1st of March is now passed and the license unpaid. The penalty of 2 per cent. per month began from that date, and an amendment of the judgment is here asked to include it. It must be allowed.

For the reasons assigned, it is ordered that the judgment appealed from be amended by charging the defendant with the penalty of 2 per cent. per month from March 1, 1901, upon the amount of the unpaid license, and in the further particular that the 10 per centum attorney's fees allowed by the court *a quo* be collected upon the amount of the license proper, with the penalty of 2 per cent. per month from March 1st added, and as thus amended the judgment appealed from be affirmed, with costs in both courts.