(January 23, 1902.)

## STATE v. UNION CENTRAL LIFE INSURANCE COMPANY.

[67 Pac. 647.]

CONSTITUTIONAL LAW.—By constitution, section 2, article 7, which, after authorizing the legislature to provide revenue for state purposes by the levy of taxes, also provides that the legislature may impose a license tax upon persons and upon corporations doing business in the state, the license tax so imposed is not restricted to the single purpose of raising revenue for state purposes.

SAME—LICENSE TAXES—POWER TO LEVY.—By constitution, article 7, section 6, providing that the legislature shall not levy taxes upon the inhabitants or property in any county, city, town or municipal corporation for county, town or municipal purposes, but it may, by law, vest in the corporate authorities thereof, respectively, power to assess and collect taxes for such purposes, applies only to taxation proper and not to license taxes.

LIFE INSURANCE COMPANIES—LICENSE.—A license authorizing a life
insurance company to transact business in this state does not
authorize it to engage in the business of loaning money.
(Syllabus by the court.)

APPEAL from the District Court, Bingham County.

E. E. Chalmers and F. S. Dietrich, for Appellant.

"A license tax required for the sale of goods is, in effect, a
tax upon the goods themselves." (*Welton v. Missouri,* 91 U.
S. 275, 23 L. ed. 347.) Requiring payment for "licenses is
only a mode of imposing taxes on the licensed business, etc."
(*License Tax Cases,* 5 Wall. 462, 18 L. ed. 497; *Fatjo v.
Pfister,* 117 Cal. 83, 48 Pac. 1013; *Board of Commrs. v. Dunn,*
21 Colo. 185, 40 Pac. 357; *State v. Doherty,* 3 Idaho, 384,
29 Pac. 855; 11 Dillon on Municipal Corporations, sec. 768;
Desty on Taxation, 64, 303-305; 25 Am. & Eng. Ency. of
Law, p. 479.) Section 2 of article 7 of the constitution of
Idaho recognizes a "license tax." The situation is that the
legislature has provided a tax, nine-tenths of which is for
counties, cities, towns, and school districts. This, as appellant
contends, is in direct violation of article 7, section 6, of the
constitution, which is as follows: "Sec. 6. The legislature
shall not impose taxes for the purposes of any county, city,
town or other municipal corporation, but may by law invest
the corporate authorities thereof, respectively, with the power
to assess and collect taxes for all purposes of such corpora-
tion." (*People v. Martin,* 60 Cal. 153.)

Attorney General Frank Martin and N. H. Clark, for Re-
spondent.

We presume that but one contention will be seriously pre-
sented in this case on appeal, and that is the unconstitution-
ality of the law. In support of this contention appellants cite
largely from California. This argument we will in no way
attempt to enter into, for the reason that none of the Califor-
nia cases are in point, or can be in this case, for the reason
that the constitution of our state is entirely different from
California on the point involved here. Section 2, article 7, of

the constitution of the state of Idaho is as follows: "The legislature shall provide such revenue as may be needful, by levying a tax by valuation, so that every person or corporation shall pay a tax in proportion to the value of his or her or its property, except as in this article hereinafter otherwise provided. The legislature may also impose a license tax (both upon natural persons and upon corporations, other than municipal, doing business in this state); also a per capita tax. Provided, the legislature may exempt a limited amount of improvements upon land from taxation." Now, this section gives the legislature power to impose a license tax on corporations doing business in this state. California constitution does not contain this provision. California decisions are not in point on this subject. The Montana constitution is exactly like ours in every particular, and the Montana supreme court sustains this license tax. (*State v. Camp Sing,* 18 Mont. 128, 56 Am. St. Rep. 551, 44 Pac. 516.) This license is embraced within the police power of the state (18 Am. & Eng. Ency. of Law, 1st ed., 758, and cases there cited), and the provisions of the constitution regarding tax are not applicable.

STOCKSLAGER, J.—This is an appeal from the judgment of the district court of the fifth judicial district, Bingham county. The complaint alleges that the defendant is a corporation organized and existing under and pursuant to the laws of the state of Ohio, and since the first day of January, 1899, has been engaged in the business of loaning money at interest under and pursuant to its corporate powers; that defendant did not at any time designate any agent upon whom process could be served in Bingham county; that since January 1, 1899, defendant corporation has been, and is, engaged in the occupation of loaning money at interest at Idaho Falls, Bingham county, and has loaned large sums of money at interest within said county; that ever since January 1, 1899, said corporation has failed and refused to pay any license tax, or to procure any license to authorize it to engage in such business; that said corporation since said date has been, and now is, engaged in the occupation of loaning money at interest in the amount under

$50,000 per quarter, and each and every quarter since said date has loaned money at interest in an amount less than $50,000 per quarter, and has at all times refused, and now refuses, to procure license as required by section 1644 of the Revised Statutes of Idaho. Then follows a prayer for judgment for $180, being thirty dollars per quarter from January 1, 1899, and twenty dollars damages, and costs of suit. To this complaint the defendant interposed the following demurrer: "1. Plaintiff has not the capacity to maintain this action, and has no interest, directly or indirectly, therein; 2. Said complaint does not state facts sufficient to constitute a cause of action in favor of the plaintiff or against this defendant." This demurrer was overruled by the court, and defendant answered, denying that it is now engaged, or ever has been engaged, in the business of loaning money at interest under and pursuant to its corporate powers, or otherwise, except as hereinafter admitted and alleged. Admits that it had no designated agent in Bingham county, but alleges that it did have an agent duly designated, residing in Boise, Ada county, Idaho, at all the times mentioned in the complaint. Admits that since January 1, 1899, it has loaned money at interest as alleged, but only under the circumstances and the conditions and for the purposes hereinafter stated. The answer further alleges: That it is a corporation organized under and by virtue of the laws of Ohio for the primary purpose of doing a general life insurance business. That, as an incident of said general purpose, it is necessary, and it is required by its articles of incorporation and by-laws, that said company loan at interest moneys received by it as premiums upon its life insurance policies—said moneys being held in trust by it for the use and benefit of its policy holders; and pursuant to its said general purpose it has loaned said moneys at interest, and during the last two years, prior to the filing of this answer it has loaned divers sums of said money to various persons residing in Bingham county, Idaho. That it has loaned no other moneys, except such as has been received as premiums, and only for the purposes and under the circumstances as above stated. That before the defendant transacted any business in Idaho, or negotiated any loans, it filed with the

state treasurer of Idaho a statement, sworn to by its proper officer, showing the name, locality, etc., of the company; amount of capital stock; capital paid up; its assets and liabilities; net surplus over all liabilities; name of its agent for Idaho; a resident thereof upon whom service might be made; receipts and expenditures of said company during the preceding year—and in all respects complied with section 2753 of the Revised Statutes of Idaho, and thereupon there duly issued to defendant a certificate of authority from the treasurer of the state as provided in said section. That in April in each year thereafter defendant has renewed said statement. That, in addition to filing said statements and procuring said certificate of authority as hereinbefore alleged, defendant has from time to time paid all fees required by chapter 7, title 4, of Civil Code, and has paid the license fee provided for in section 2758, and in all respects defendant has complied with the provisions and requirements of the constitution and laws of Idaho applicable to foreign corporations doing insurance business in Idaho. Counsel for plaintiff moved for judgment on the pleadings, alleging that the material allegations of the complaint, nor either of them, are denied by the answer; that the new matter pleaded in the answer of defendant is not a sufficient or legal excuse or defense in this action. This motion was sustained by the court, and judgment entered in favor of the plaintiff for $180, twenty dollars damages, and costs of suit.

Counsel for appellant urges that section 1644 of the Revised Statutes of Idaho is in direct violation of article 7, section 6, of the constitution of Idaho, which follows: "Sec. 6. The legislature shall not impose taxes for the purposes of any county, city, town or other municipal corporation, but may by law invest the corporate authorities thereof, respectively, with the power to assess and collect taxes for all purposes of such corporation." Section 1644 of the statute follows: "Persons, associations or corporations engaged in the occupation of banking, loaning money at interest or in buying or selling notes, bonds or other evidences of indebtedness of private persons, or in buying or selling state, territorial, county or city stocks, or other evidences of state, territorial, county or city indebtedness, or

stocks or notes, bonds or other evidences of indebtedness of incorporated companies, or in buying or selling golddust, gold or silver bullion or gold or silver coin, are divided into five classes and must pay license as follows." Subdivision 5 of this section, and the part of the section upon which this action rests, reads: "Those doing business in any amount under $50,000 per quarter constitute the fifth class, and must pay a license of thirty dollars per quarter. All revenue collected under this section may be retained by and for the use of the county in which it is collected."

If this contention of counsel for appellant is to be upheld, the demurrer should have been sustained. It will be observed that the statute invariably speaks of the revenue to be collected as provided by section 1644 as a "license," and not a "tax," Another section of our statute provides a way for the levy and collection of taxes for the support of the state government. If the contention of appellant is correct, and the language of the statute is to be construed as contended for by counsel for appellant, then all licenses collected under our present system are void, and in violation of the provisions of the constitution above quoted. We must look to the intent of the framers of the constitution, as well as the lawmakers of the state, to ascertain what was intended by both branches; and it does not occur to us that the framers of the constitution intended to curtail the revenues arising from the license system which was in existence at the time of the adoption of our constitution. The license system is a separate and distinct way of raising revenues independent of the tax system, and aids largely in carrying on the public school system of our state; and, as before stated, if the license in question is unconstitutional and void, then the whole system must fall. In the case of *State v. Doherty,* reported in 3 Idaho, 384, 29 Pac. 855, involving a liquor license, the constitutional question was urged, but this court held that the license tax could be collected. It is said, "the constitutional provision in regard to equality and uniformity of taxation has reference solely to taxation," pure and simple, according to the commonly accepted meaning of that term, for the purpose of revenue only. It does not apply to those impositions made under the police power of

the state as a means of constraining and regulating a business that may be regarded as evil in its effects upon society. In Burroughs on Taxation, page 147, it is stated that the provisions of the constitution as to equality and uniformity of taxation do not apply to licenses. (1 Desty on Taxation, 305, note 5; 2 Desty on Taxation, 1385 et seq.) *Fahey v. State,* 27 Tex. App. 146, 11 Am. St. Rep. 182, 11 S. W. 108, and a number of other authorities, are cited in support of this position. In the case of *State v. Camp Sing,* 18 Mont. 128, 56 Am. St. Rep. 551, 44 Pac. 516, 32 L. R. A. 635—a case involving the same question we have under consideration, and the construction of a constitution and statute in language almost identical with ours—the constitutionality of the law is upheld. We call particular attention to this case, as there is a very elaborate discussion of all the questions involved in the case under consideration.

Counsel for appellant rely upon *People v. Martin,* 60 Cal. 153, and urge that the constitution and statute of that state are similar to ours. This case was also relied upon in the Montana case, but the learned judge, in commenting on this case, says: "Great importance is attached by the defendant to the case of *People v. Martin,* 60 Cal. 153, and that case is claimed by him to be applicable to the question now before us. The section of the constitution of California which it is urged is practically the same as our section 4, article 12, is section 12, article 11. It reads as follows: 'Sec. 12. The legislature shall have no power to impose taxes upon counties, cities, towns or other public or municipal corporations, or upon the inhabitants or property thereof, for county, city, town or other municipal purposes, but may, by general laws, vest in the corporate authorities thereof the power to assess and collect taxes for such purposes.' The case of *People v. Martin* was an action to recover a license tax by reason of the defendant carrying on the business of selling goods. It was brought under section 3360 of the Political Code of California, which was a portion of the license law enacted by the legislature of California before the adoption of the present constitution of that state. The California court held that said license law was unconstitutional, by reason of the constitution, article 11, section 12. But the important distinction (says the

court) between the California constitution and ours, and the California decision and that which we intend to make, is that there is wholly absent from the California constitution a provision like the last sentence in section 1, article 12, viz.: 'The legislative assembly may also impose a license tax, both upon persons and upon corporations doing business in the state.' This sentence we have endeavored to construe above, and the construction which we place upon it, and the fact. of its absence from the California constitution, render, in our opinion, the California decision inapplicable." We think that section 6, article 7, of our constitution was intended to apply only to property taxes. We are disposed to follow the Montana case and the case of *State v. Doherty, supra.*

The remaining question is, Should the motion for judgment on the pleadings have been granted? Counsel for appellant urge that it was error, for the reason that "the answer shows affirmatively that the defendant is primarily a life insurance company, and that having complied with all the laws of Idaho governing life insurance companies, and having paid the license required of life insurance companies, it is not subject to further exactions. The loaning of its premiums is only incidental, and is necessarily incidental to its primary purpose, which is life insurance. Its business is life insurance. Incidental to and necessary to said business is the loaning of its income," etc. We take it that when appellant secured its license from the treasurer of the state of Idaho, as contended for, the conduct of its business in this state as a life insurance company was all the authority bestowed upon it by such license, and the loaning of its premiums in the state is no part of the authority granted by such license.

We are of the opinion that the demurrer was properly sustained, and the motion for judgment on the pleadings should have been sustained.

Judgment of the lower court affirmed, with costs to respondent.

Quarles, C. J., and Sullivan, J., concur.