(February 22, 1904.)

## STATE v. JONES.

[75 Pac. 819.]

CONSTITUTIONAL LAW—LICENSES—DOUBLE TAXATION—TITLE TO ACT—
AMENDMENT—SECTION AMENDED PUBLISHED AT LENGTH.

1. Under the provisions of section 2, article 7 of the constitution
of Idaho, it is not double taxation to levy a tax on billiard, pool
and other tables according to their value, and at the same time
require the proprietors or keepers thereof to pay a license tax
under the provisions of section 1645, Revised Statutes, as amended.

2. The following title to an act, to wit, "An act to amend sec-
tion 1645, Revised Statutes, of the state of Idaho, as amended by
act approved February 16, 1899," *held,* sufficient under the pro-
visions of section 16, article 3 of the constitution.

3. *Held,* section 1645, Revised Statutes, as amended by act ap-
proved March 12, 1903, sufficient, full and complete as to leave
no doubt of its meaning and purpose, and is therefore valid.

(Syllabus by the court.)

APPEAL from District Court of Canyon County. Honor-
able George H. Stewart, Judge.

Action by state to recover license tax for billiard and pool
tables. Judgment for state. Affirmed.

The facts are stated in the opinion.

Lot L. Feltham, for Appellants.

The first question involves both the construction of the act
and its constitutionality. The appellant contends that the said
act not only does not include persons who keep billiard and
pool tables upon which are played games *without charge,* but
that said act is also unconstitutional, for the reason that it
provides for duplicate taxation. Section 2 of article 7 of the
constitution of Idaho provides: "The legislature may also im-
pose a license tax (both upon natural persons and upon cor-
porations other than municipal, doing business in this state)."
Section 5 of article 7 of the constitution provides that "All

taxes shall be uniform on the same class of subjects within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws, which shall subscribe such regulations as shall secure a just valuation for taxation of all property, real and personal: . . . . Provided, further, that duplicate taxation of property for the same purpose during the same year is hereby prohibited." Billiard and pool tables are personal property and subject to the same general tax that other personal property bears, and to impose a license tax in addition to the general tax upon the owners thereof, based upon no other reason than ownership, would be, in fact, duplicate taxation and contrary to the spirit of the constitutional clause above quoted. The act does not express in its title the subject matter, and is in conflict with section 16 of article 3 of the constitution of Idaho. Section 16 of article 3 of the constitution provides: "Every act shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title.") *State v. Doherty,* 3 Idaho, 384 (2 Idaho, 1105), 29 Pac. 855; *Andrews v. Board of Commrs.,* 7 Idaho, 453, 63 Pac. 592; *Pioneer Irr. Dist. v. Bradbury,* 8 Idaho, 310, 101 Am. St. Rep. 201, 68 Pac. 295; *Washington v. Page,* 4 Cal. 388; *People v. Johnston,* 6 Cal. 673; *Ex parte Newman,* 9 Cal. 502; *Pierpont v. Crouch,* 10 Cal. 316; *In re Boston Min. etc. Co.,* 51 Cal. 626.) In opposition to the above California cases on this clause holding it merely directory, there are a number of cases holding this constitutional clause as mandatory, among which are the following: *State v. Rogers,* 10 Nev. 252, 259, 21 Am. Rep. 738; *Hunt v. State,* 22 Tex. App. 398, 3 S. W. 233; *Ex parte Pollard,* 40 Ala. 77; *Tuscaloosa Bridge Co. v. Olmstead,* 41 Ala. 20; *Central etc. Co. v. People,* 5 Colo. 41; *State v. Patterson,* 98 N. C. 663, 4 S. E. 350; note to *Davis v. State,* 61 Am. Dec. 340; *People v. Fleming,* 7 Colo. 230, 3 Pac. 70; *Wall v. Garrison,* 11 Colo. 515, 17 Pac. 469; *People v. Mahaney,* 13 Mich. 481; *Sun Mut. Ins. Co. v. Mayor of New York,* 8 N. Y. 241; *Durkee v. City of Janesville,* 26 Wis. 697; *Burnett v. Turner,* 87 Tenn. 126-129, 10 S. W. 194. The section as amended is not set forth and published at full length, and is in conflict with section 18 of article 3 of the constitution of

Idaho, which provides, "No act shall be revised or amended by
mere reference to its title, but the section as amended shall
be set forth and published at full length." (*Rasmussen v.
Baker,* 7 Wyo. 117, 50 Pac. 819, 38 L. R. A. 773; *Fletcher v.
Prather,* 102 Cal. 413, 36 Pac. 659; Sutherland on Statutory
Construction, secs. 131, 132; Black on Interpretation of Law,
p. 362, sec. 134; *Town of Martinville v. Frieze* 33 Ind. 507;
*State v. Beddo,* 22 Utah, 432, 63 Pac. 97; *Blackmore v. Dolan,*
50 Ind. 202; *Dodd et al. v. State,* 18 Ind. 56; *Greencastle etc.
Co. v. State ex rel. Malot,* 28 Ind. 382; *Draper v. Falley,* 33
Ind. 465; *People v. Pritchard,* 21 Mich. 241; *Colwell v. Cham-
berlain,* 43 N. J. L. 387; *Lehman v. McBride,* 15 Ohio St. 573.)

George P. Rhea, for Respondent.

A court will not declare an act unconstitutional unless the
act is directly antagonistic to some specific provision of the
constitution of the state or of the United States. (Cooley's Con-
stitutional Limitations, 6th ed., 204.)    And the court will not
declare an act void unless it is clear beyond a doubt that it is
in violation to the constitution. (*Fletcher v. Peck,* 6 Cranch,
87, 3 L. ed. 162; *Sinking Fund Cases,* 99 U. S. 700, 25 L. ed.
504.)    The law upon which this suit is brought is to enforce
the payment of a license fee or charge, and not for the enforce-
ment of an *ad valorem* tax for general revenue purposes.    Sec-
tion 5, article 7 only directs taxation upon property according to
value for general revenue purposes.    There is a contract between
an *ad valorem* tax for general revenue purposes and a license
fee or charge without regard to value for specific purposes.    Sec-
tions 2 and 5 of article 7 of the constitution gives the legis-
lature of this state power to provide for three things pertain-
ing to revenue: 1. To enact laws providing for the levying
and collecting of an *ad valorem* tax; 2. To enact laws imposing
a *per capita* tax.    The constitution of California which de-
clares "that taxation which shall be equal and uniform through-
out the state, applies only to direct taxation upon property, and
does not prohibit the legislature from enacting license laws."
(*People v. Nagle,* 1 Cal. 232.)    Section 1645 of Revised Stat-
utes of Idaho, and all the amendments thereto, refer wholly to

licenses and are silent upon the question of direct taxation. The supreme court of this state has held in the case of the *State v. Union Cent. Life Ins. Co.,* 8 Idaho, 240, 67 Pac. 647, "That a license was not a tax, and that the license system is a separate and distinct way of raising revenue independent of the tax system, and aids largely in carrying on the public school system of our state." (*State v. Doherty,* 3 Idaho, 384 (2 Idaho, 1105), 29 Pac. 855; Burrows on Taxation, p. 147; *State v. Camp Sing,* 18 Mont. 128, 56 Am. St. Rep. 551, 44 Pac. 516, 32 L. R. A. 635.) The second contention on the part of appellant is that the act of 1903 is unconstitutional, because the act does express in its title the subject matter, and is in conflict with section 16 of article 3 of the constitution of Idaho. The title as expressed in the act of 1903 (page 104) is as follows: "An act to amend section 1645 of the Revised Statutes of the state of Idaho as amended by act approved February 16, 1899." (*State v. Phenline,* 16 Or. 107, 17 Pac. 574; *Heller v. People,* 2 Colo. App. 459, 31 Pac. 773; *Callahan v. Jennings,* 16 Colo. 471, 27 Pac. 1055; *State v. Courtney,* 27 Mont. 378, 71 Pac. 308; *Steele County v. Erskine,* 98 Fed. 221, 39 C. C. A. 180.) Counsel for appellant argues that the act of 1903 is unconstitutional, because section 1645 of the Revised Statutes of the state of Idaho has not been set out and published at full length. He further argues that the acts of 1891 and 1899 are both unconstitutional, for the reason that the section attempted to be amended has not been set forth and published at full length. (*State v. City of Kearney,* 49 Neb. 325, 68 N. W. 533.) We contend that where a section or statute is amended, it does not repeal and re-enact that part not amended, and that part not amended continues and remains in force as the law from the time it was first enacted. (Idaho Rev. Stats., sec. 157; *Fletcher v. Prather,* 102 Cal. 413, 36 Pac. 658; 23 Ency. of Law, 357.) We have heretofore called the attention of the court to the fact that the act of 1899 is simply a copy and re-enactment of the act of 1891, the two acts being identical in every respect. The legislature in passing the act of 1899 evidently intended to continue in force the act of 1891, and by this act of 1899 and said intention on the part of the

legislature the effect is to continue in force said act of 1891, being an amendment to subdivision 1 of section 1645, Revised Statutes of Idaho. In support of this proposition we cite *State v. Wish,* 15 Neb. 448, 19 N. W. 686; *State v. McColl,* 9 Neb. 203, 2 N. W. 213; *Wright v. Oakley,* 5 Met. 406; *Fullerton v. Spring,* 3 Wis. 671; also, Idaho Rev. Stats., sec. 157.

SULLIVAN, C. J.—This action was brought by the state, for the purpose of enforcing the collection of a license tax from appellant, for keeping, in his saloon and place of business, at Weiser, Idaho, one billiard and pool table for the use of the frequenters of said saloon. The case was originally brought in the probate court and judgment was entered against the appellant. From that court an appeal was taken to the district court, where the case was heard anew and judgment was entered against the appellant. This appeal is from the judgment, on the judgment-roll alone, which roll contains a stipulation of facts upon which the case was tried in the district court. Said stipulation of facts is as follows:

"1. That at all times referred to in plaintiff's complaint said defendant was the owner and keeper of a saloon in the city of Weiser, Idaho.

"2. That during all times referred to in said complaint said defendant Jones was the keeper and owner of one billiard-table and one pool-table kept and run in connection with said saloon, and that said defendant as such keeper of said billiard and pool tables permitted any and all persons at any and all times to play upon said tables with balls and cue.

"3. That the said defendant at all times referred to in said complaint wholly failed, neglected and refused to procure a license as provided for by section 1645 of Revised Statutes, as amended, and failed to pay for a license as such keeper and maintaining of said billiard and pool tables so used and played upon with balls and cue.

"4. That said defendant still neglects and refuses to take out such license as such keeper and owner of said billiard and pool tables so used and played upon with balls and cue.

"5. That this action is brought, on the part of the plaintiff, to enforce the collection of such license.

"6. That at the conclusion of any game of billiards or pool played upon said table, any person engaged in said game could, if he so desired, purchase goods of the defendant as a result of the outcome of said game, but if no goods were purchased, then no charge was made for the use of said table. That if the goods were purchased, the regular retail price was paid therefor the same as if no game or games had been played."

The question involved in this case is the constitutionality of an act approved March 12, 1903, amending section 1645 of the Revised Statutes of Idaho, relating to licenses upon billiard, pool and other tables. It is contended by counsel for appellant that said act is unconstitutional for three reasons: 1. It provides for duplicate or double taxation of property and is in conflict with sections 2 and 5 of article 7 of the state constitution; 2. It does not express in its title the subject of the act and is in conflict with section 16, article 3 of the state constitution; 3. That the section, as amended, is not set forth and published at length, as required by section 18 of article 3 of the constitution.

There is nothing in appellant's contention that said act provides for double or duplicate taxation. Section 2, article 7 of the constitution declares that the legislature shall provide such revenue as may be needful: 1. By levying a tax, by valuation on property; 2. By license tax; 3. By a *per capita* tax.

This court held in *State v. Union Cent. Life Ins. Co.,* 8 Idaho, 240, 67 Pac. 647, that the license system is a separate and distinct way of raising revenue independent of the tax upon property.

In *State v. Doherty,* 3 Idaho, 390, 29 Pac. 855, this court said: "The constitutional provision, in regard to equality and uniformity of taxation, has reference solely to 'taxation' pure and simple, according to the commonly accepted meaning of that term, for the purpose of revenue only. It does not apply to those impositions made under the police power of the state as a means of constraining and regulating business that may be regarded as evil in its effect upon society."

In Burrows on Taxation, page 147, it is said that the provisions of the constitution as to equality and uniformity of taxa-

tion does not apply to licenses. (Also see *State v. Camp Sing,* 18 Mont. 128, 56 Am. St. Rep. 551, 44 Pac. 516, 32 L. R. A. 635.)

It was held by this court in *Stein v. Morrison, Governor, et al., ante,* p. 426, 75 Pac. 246, that said section 2 of article 7 of the constitution recognized three distinct methods of raising revenue, namely, property tax, a license tax and a *per capita* tax.

The above contention of counsel for appellant that said section 1645, as amended, provides for duplicate taxation, has no merit. A business may be required to pay a license tax, although the property used in conducting that business is assessed as other property in the state.

The second contention of counsel is that the subject of said act is not expressed in the title thereof, and is in conflict with the provisions of section 16 of article 3 of the constitution of Idaho. Said section is as follows:

"Sec. 16. Every act shall embrace but one subject, and matters properly connected therewith, which subject shall be expressed in the title; but if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be embraced in the title."

The title of the act under consideration is as follows: "An act to amend section 1645 of the Revised Statutes of Idaho, as amended by act approved February 16, 1899." The provisions of said section of the constitution are found in many of the state constitutions, and those provisions have many times been passed upon by the supreme courts of the several states. There is a sharp conflict of opinion as to the proper construction of the provision here under consideration when applied to amendatory statutes. One line of decisions holds that a title to an amendatory statute is sufficient if it refers to the section of the statute sought to be amended by its proper number, while the other line holds that that is not sufficient; that the subject, purpose or object of the section as amended must be stated in the title of the amendatory act the same as in an original act.

It was held by the circuit court of the United States for the

district of North Dakota, in the case of *Steele County v. Erskine et al.,* 98 Fed. 215, 39 C. C. A. 173, that the following title to an act was sufficient, to wit, "An act to amend section 10 of chapter 38, Laws of 1887, being section 545 of the Compiled Laws." That court said: "The subject of the act was the amendment of that section which was accurately and appropriately designated, and the section as amended was set out in full in the act. The title sufficiently designated the subject of the act. It plainly indicated the object and purpose of the act, which is all the constitution requires. The subject of a statute is one thing, and its detailed provisions quite another; one is the topic, the other its treatment; one is required to be stated in the title, the other not. The provision of the North Dakota constitution on the subject is identical with that of Nebraska, and the supreme court of that state has uniformly held that acts with titles like this, 'An act to amend section 4 of chapter 55 of the Compiled Statutes of Nebraska,' 'are valid, and that such a title is a sufficient compliance with the requirement of the constitution." The court there cites as sustaining that title a number of cases from the supreme court of Nebraska, Michigan, Louisiana and Washington. The supreme court of Nebraska sustained the following title as valid, to wit: "An act to amend section 4 of chapter 55 of the Compiled Statutes of Nebraska."

In *Marston v. Humes,* 3 Wash. 267, 28 Pac. 520, the court held the following title valid, to wit, "An act relating to pleadings in civil actions and amending sections 76, 77 and 109 of the Code of Washington of 1881." That case expressly overrules *Harland v. Territory,* 2 Wash. Ter. 131, 13 Pac. 453, where it had been held that the following title, to wit, "An act to amend section 3050, chapter 238 of the Code of Washington Territory," was not sufficient to meet the requirements of the organic act which provided that every law should embrace but one object, and that such object should be expressed in the title.

In *Heller v. People,* 2 Colo. App. 459, 31 Pac. 773, the supreme court of that state held the following title valid, to wit,

"An act to amend chapter 24 of the general laws of the state of Colorado, entitled 'Criminal Code.' "

In *Commonwealth v. Brown,* 91 Va. 762, 21 S. E. 357, 28 L. R. A. 110, in discussing titles to amendatory acts, the court said: "There is another view which may be urged in support of the sufficiency of the title. It will be observed that it is an amendatory act, and not the original act on the subject. In such case, if the title of the original act is sufficient to embrace the matters covered by the provisions of the act amendatory thereof, it is unnecessary to inquire whether the title of the amendatory act would of itself be sufficient. If the title of the original act is sufficient to embrace the matters contained in the amendatory act, whether that of the amendatory act is in itself sufficient, is unimportant. (*State v. Ranson,* 73 Mo. 78; *St. Louis v. Teifel,* 42 Mo. 590; *Brandon v. State,* 16 Ind. 197; *Morford v. Unger,* 8 Iowa, 82; *State v. Algood,* 87 Tenn. 163 [10 S. W. 310], and *Yellow River Imp. Co. v. Arnold,* 46 Wis. 214, 224 [49 N. W. 971])."

*State ex rel. Mouton v. Read, Judge,* 49 La. Ann. 1535, 22 South. 761, supports the doctrine of the above-cited case. Thus it is shown that it is held by every respectable authority that a title to an amendatory act which amends a section or certain sections of a prior act is sufficient if the title refers to the sections sought to be amended by number. The legislature of the state of Idaho had the two lines of authorities before it on the question under consideration, and concluded to adopt the rule laid down in the authorities above cited. That being true, this court is not inclined to hold that the legislature made a mistake in following the rule laid down by said authorities. It must be borne in mind, however, that the subject, object or purpose of amendments so made must be within the title of the acts that contain the sections so amended. All amendments so made must be germane to or connected with the subject of the act or law which contained the section before such amendments were made.

The title to the act under consideration is sufficient to meet the requirements of the provision of said section of our constitution which requires the subject of an act to be embraced in the

title. To hold otherwise would be to invalidate many of the amendatory acts passed since Idaho became a state, and create much confusion.

Reference has been made by counsel to amendments made, or attempted, by an act approved March 16, 1891 (Sess. Laws 1891, p. 237), and by an act approved February 16, 1899 (Sess. Laws 1899, p. 268).

It is not necessary to a determination of this case for us to pass upon the constitutionality of said acts of 1891 and 1899, for if those acts are in fact unconstitutional, that could not affect this case. The reference made in the act under consideration to the act of 1899 could in no manner affect the former. If the acts of 1891 and 1899 were unconstitutional, they in no manner changed said section 1645 as it appears in the Revised Statutes of 1887.

Under a well-established rule, this court will not pass upon the constitutionality of a law unless it is absolutely necessary to do so in order to decide the case under consideration.

As to the amendatory act of 1903, it is contended by counsel for appellant that in the enactment of that amendatory section no attempt was made to follow the requirements of said section 18 of article 3 of the constitution. It is suggested that a mere casual inspection of that act shows that both the subject and the predicate of section 1645 is entirely omitted, and for that reason said section expresses nothing when standing alone. Regardless of that contention, said section read in connection with the chapter of the Revised Statutes to which it belongs clearly shows its purpose and the intent of the legislature in enacting it; that it is intended to impose a license tax on each proprietor or keeper of a billiard, pool or bagatelle table, or any other kind of table on which games are played with balls and cue; for each table $5 per quarter. Said chapter on licenses clearly indicates from whom such licenses are to be obtained, and to whom the license tax must be paid, and in connection with said section as amended establishes a complete plan for the collection of licenses from the proprietors or keepers of billiard, pool and other tables mentioned in said section 1645. Said provisions of the constitution do not require the whole chapter of which

an amended section is a part to be set forth and published at full length—only the section amended—and although said amended section could have been made more full and complete, yet there can be no doubt of its meaning and purpose.

We therefore hold that the title to said act of 1903 is sufficient, and that the section as there re-enacted is sufficiently explicit to clearly indicate the purpose of the legislature enacting it, and that it is a valid and constitutional law.

For the reasons above given, the judgment of the district court is affirmed, with costs in favor of the respondent.

Stockslager and Ailshie, JJ., concur.