(May 21, 1907.)

BEN GERDING, Respondent, v. THE BOARD OF COUNTY COMMISSIONERS, Appellant.

[90 Pac. 357.]

CONSTITUTIONAL LAW—TITLE TO ACT—RESTRICTIVE—BOARD AND COM-
PREHENSIVE—CONSTRUCTION—ENLARGEMENT OF TITLE BY—CON-
TRACTION OF PURVIEW BY.

1. The title to an act of the legislature approved March 4, 1903 (Laws 1903, p. 346), entitled "An act to prohibit the sale of spirituous malt or vinous liquors near public works and grading camps of canals and railroads and other kindred enterprises," *held* to be too narrow and restricted to include the provisions of said act providing for the sale of liquors and regulating their sale.

2. While said title indicates the absolute prohibition of all sales of liquors near grading camps, etc., the act itself does not prohibit but undertakes to regulate.

3. Said title is too restrictive to cover the provisions of said act authorizing the sale of intoxicating liquors.

4. The court has no authority to enlarge by construction the title to an act when it is too narrow to cover all of the provisions in the act.

(Syllabus by the court.)

APPEAL from the District Court of Second Judicial District for Idaho County.   Hon. Edgar C. Steele, Judge.

Proceedings to test the constitutionality of an act of the legislature approved March 4, 1903.   Judgment sustaining the constitutionality of said law.   *Reversed.*

L. Vineyard and E. M. Griffith, for Appellant.

The title declares for one thing—"To Prohibit"—while the act declares another—How the sale of liquor may be made within five miles of these camps.   The title is not an index to the act, nor does the act in any way reflect the subject stated in the title.   There is no connection between the two; they must stand forever apart declaring for opposite subjects of legislation.

The title of the act is so restricted that the purpose of the act fails.   The courts cannot enlarge the scope of the title.   (Cooley's Constitutional Limitations, 4th ed., 181; *Turner v. Coffin,* 9 Idaho, 338, 74 Pac. 962; Sutherland on Statutory Construction, sec. 87; *Howland Coal & Iron Works v. Brown,* 13 Bush, 681; *In re Paul,* 94 N. Y. 497; *Matter of Sackett etc. Streets,* 74 N. Y. 95; *State v. Clinton,* 27 La. Ann. 40.)

Provisions like section 16, article 3, in constitutions are mandatory, and therefore to be scrupulously observed and obeyed.   (Cooley's Constitutional Limitations, 4th ed., 175.)

Fogg & Tannahill, for Respondent.

"The general purpose of these provisions is accomplished when a law has but one general object, which is fairly indicated by the title."   (Cooley's Constitutional Limitations, 6th ed., 172.)

Section 16, article 3 of the constitution must be given a reasonable construction.   It is sufficient if the act treats of but one general subject, and that subject expressed in the title.

The title to the said act is comprehensive enough to include all provisions necessary and convenient to regulate the

sale of intoxicating liquors. (*State v. Doherty*, 3 Idaho, 384, 29 Pac. 856; *Pioneer Irr. Co. v. Bradbury*, 8 Idaho, 310, 101 Am. St. Rep. 201, 68 Pac. 295; *Turner v. Coffin*, 9 Idaho, 338, 74 Pac. 962-966; *Martin v. Blattner*, 68 Iowa, 286, 25 N. W. 131; *Butler v. State*, 89 Ga. 821, 15 S. E. 763.)

SULLIVAN, J.—This is an appeal from an order and judgment of the district court of Idaho county annulling and canceling an order of the board of county commissioners of that county made on the eighteenth day of February, 1907, granting a retail liquor license to one Haener at the town of Ferdinand of said county, within five miles of a railroad construction camp, where twenty-five or more men were at work at the time of granting the license. The facts of the case are stipulated, and there is no dispute as to them.

This appeal involves the constitutionality and construction of an act entitled, "An act to prohibit the sale of spirituous malt or vinous liquors near public works and grading camps of canals and railroads and other kindred enterprises," approved the 4th of March, 1903 (Sess. Laws 1903, p. 346). The first and second sections of said act are as follows:

"Section 1. It shall be unlawful for the board of county commissioners of any county in this State to grant a license to any person to sell, barter, or exchange or otherwise dispose of malt, spirituous or vinous liquors in less quantities than five gallons within five miles of any camp or assembly of men engaged in the construction or repair of any railroad, canal, reservoir, public work, or other kindred enterprise where twenty-five or more men are employed."

"Section 2. Any person who shall sell or offer for sale, barter, exchange or otherwise dispose of any spirituous, malt or vinous liquors in less quantities than five gallons within five miles of any camp or assembly of twenty-five or more men engaged in the construction or repair of any railroad, canal, reservoir, public work or other kindred enterprise, shall be deemed guilty of a misdemeanor and upon conviction shall be fined in a sum not exceeding fifty dollars or

imprisonment in the county jail for not exceeding thirty days, or both, in the discretion of the court; and any attempt to evade the provisions of this act, by giving away any such liquor to any person on the pretense, or for the reason that such person has purchased, or designs or is expected to purchase some other article, shall be deemed as a sale within the meaning of this act: *Provided,* That the provisions of this section shall not apply to sales made under a license issued by any incorporated town or city, nor to saloons or other places at which such liquors are sold or disposed of, outside of the corporate limits of cities and towns which may have been established and licensed six months prior to the beginning of said work within said five mile limit.''

It is first contended that the title of said act is so at variance with the subject thereof and matters properly connected therewith that said act is unconstitutional and void, because in violation of section 16, article 3 of our state constitution, which section is as follows:

· ''Sec. 16.   Every act shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title; but if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be embraced in the title.''

It is contended that said title without reserve declares for prohibiting the sale of spirituous and other liquors near public works and grading camps, while it appears from the body of the act that it discriminates in favor of one person to the exclusion of another who might desire to engage in the liquor business at the same place; that the proviso of the second section declares that the prohibition does not ''apply to sales made under a license issued by any incorporated town or city nor to saloons or other places at which such liquors are sold or disposed of outside of the corporate limits of cities and towns which may have been established and licensed six months prior to the beginning of said work, within said five mile limit''; that the title of the act is abso-

lutely prohibitive near these camps without any proviso whatever.

Counsel asks the question: "Can it be fairly said or claimed that the title of the act expresses properly any subject of the act when the act permits liquor to be sold and disposed of within five miles of any such camp, provided some one else had been licensed so to do for more than six months prior to the establishment of such camp, where twenty-five or more men were at work?" They also propound this question: "Is this prohibition, or is it the announcement of a condition that must exist before a person can engage in the retail liquor trade near any such camp or public work?" and contends that the title declares one thing—that is, to prohibit—while the act declares another, to wit, how the sale of liquor may be made within five miles of these camps; that the title is not an index to the act nor does the act in any way reflect the subject stated in the title; that there is no connection between the two; that they must stand forever apart, declaring for opposite subjects of legislation.

It will be observed from the contention of counsel, as above stated, that the real contention is that the title declares for prohibition while the act itself is simply a regulation. Said act authorizes the commissioners to license the sale of liquor near such camps in quantities of five gallons or more, and provides that in case one has procured a license more than six months prior to the beginning of such works within the five-mile limit, he may proceed with the sale of liquor. It will thus be observed that the title does indicate that the act prohibits the sale of liquor near public works. There is nothing in the title whatever to indicate that the act is for the purpose of regulating the sale of liquor at the places designated, and as a matter of fact it does not prohibit the sale of intoxicating liquors near such places, but does provide for the sale of them in quantities of not less than five gallons, and it also provides that if a person procures a license to sell liquor at a certain point six months prior to

the time of establishing such camps, he may proceed with the sale of liquor.

We do not think anyone reading the title of this act would for a moment think that the act permitted the sale of liquor at construction or grading camps in quantities of five gallons or more, nor that it provided that those who had a license to sell liquor at such points six months prior to the establishing of such camps would be permitted to proceed with the sale thereof. The title of the act, instead of being broad and comprehensive, is restrictive, and conveys the idea of prohibition and not the idea of regulation. If the word "regulate" had been inserted in the place of the word "prohibit," then the title would have been broad and comprehensive, but as the act reads is restrictive.

Judge Cooley, in the fourth edition of his work on Constitutional Law, at page 181, in referring to restrictive titles, says: "The title of an act may be so restrictive as to preclude many matters being included in the act which might with entire propriety have been embraced in one enactment with the matters indicated by the title, but which must now be excluded because the title has been necessarily restrictive. The courts cannot enlarge the scope of the title; they are vested with no dispensing power; the constitution has made the title the conclusive index to the legislative intent as to what shall have operation; it is no answer to say that the title might have been made more comprehensive, if, in fact, the legislature have not seen fit to make it so."

We think the title to said act is too restrictive to cover the provisions of said act authorizing the sale of intoxicating liquors as therein provided. It calls for specific legislation along the lines of prohibition, while the provisions of the act itself are framed along the lines of regulation and not that of prohibition. The act specifies prohibition in its title, and by its terms is simply regulation, authorizing the sale of liquors at the points or places referred to upon certain conditions.

In regard to such titles, Sutherland, in his work on Constitutional Construction, section 87, says: "The title cannot

be enlarged by construction when too narrow to cover all the provisions in the enacting part, nor can the purview be contracted by construction to fit the title." And to hold said title broad and comprehensive enough to include the provisions of said act would be to enlarge it, and as it now stands, it is too narrow to cover the provisions provided for the sale of intoxicating liquors. Specific legislation may be had under a general title, but general legislation cannot be enacted under a specific title, unless such title is made comprehensive enough to cover such legislation. The legislature has seen fit to frame the title as we find it and make it an act to prohibit the sale of spirituous liquors, and the act itself does not prohibit but regulates.

However distasteful it may be for a court to declare a solemn act of the legislature unconstitutional, under our system of government it must be done when the legislature enacts laws in violation of the provisions of the constitution.

The act in question does not prohibit the sale of intoxicating liquor at grading camps, but permits it to be sold in quantities not less than five gallons, and also permits it to be sold under licenses issued six months prior to the establishment of grading camps at certain points. It will thus be observed that the very evils that were struck at by the title of the act are not obviated or done away with, and for that reason the holding of said act unconstitutional will not have the effect that it would if said act absolutely prohibited the sale of intoxicating liquors at grading camps of canals, railroads and other public enterprises.

After a careful consideration of this matter, we come to the conclusion that the title to said act is not broad and general enough to cover or include the provisions of said act, and hence the act is unconstitutional.

The judgment of the court below must be reversed, and it is so ordered, and the cause remanded, with instructions to the trial court to enter judgment in accordance with the views expressed in this opinion.

Costs are awarded to the appellant.

Ailshie, C. J., concurs.