(June 11, 1907.)

## SCHOOL DISTRICT NO. 27, IN CASSIA COUNTY, IDAHO, Respondent, v. VILLAGE OF TWIN FALLS et al., Appellants.

[90 Pac. 735.]

DISTRIBUTION OF LICENSE MONEY AND FINES—SCHOOL MONEY—TITLE OF LEGISLATIVE ACT—CONSTITUTIONALITY THEREOF.

1. Under the provisions of section 2231, Revised Statutes, as amended by act of February 9, 1899, it is made the duty of city and village officers to pay one-half of all moneys collected within the limits of their respective municipalities from fines or penalties and for liquor and other licenses to the trustees of the school district or districts within the limits of which the municipal corporation is situated, and the fact that a school district comprises a larger territory than that embraced within the city or village is no excuse or reason for a failure to pay over such moneys.

2. The title, "An act to amend section twenty-four of an act entitled, 'An act to provide for the organization, government and powers of cities and villages,' approved February 10, 1899," given the act of March 9, 1903 (Sess. Laws 1903, p. 432), is a sufficient compliance with the requirements of section 16, article 3 of the state constitution, to authorize the amendment and change made in section 24 as therein enacted.

(Syllabus by the court.)

APPEAL from the District Court of the Fourth Judicial District for the County of Cassia. Hon. Alfred Budge, Judge of the Fifth Judicial District, presiding.

Action by School District No. 27, Cassia County, against the Village of Twin Falls et al., for the recovery of license moneys and fines and penalties. Judgment for the plaintiff and defendant appealed. *Affirmed.*

Noyes & Hamilton and W. P. Guthrie (S. H. Hays, of Counsel), for Appellants.

It was originally the intention of the legislature that these moneys should not be paid to any school district that was not "in" the limits of the town or village. It was different from the section now alleged to be in force, in that this latter law provides that such moneys are to be paid to a district or districts "embraced in whole or in part" in said city, town or village. No possible misapprehension can be had as to the plain intent and meaning of the statute. It says the money is to be paid to the school district of said town or village and for the benefit of the school "of" said town or village. *It does not say for the benefit of the school of a school district, but for the benefit of the schools of "said city, town or village."*

The subject matter of the act provides that one-half of all moneys collected in cities, towns and villages, *organized or operating under the provisions of that act,* for liquor licenses or fines or penalties must be paid to the school district or districts of which the town is a part. We contend that this has nothing to do with the organization, government or powers of cities and villages.

No possible connection can be conjured up between the subject and the substance of the act. (*Turner v. Coffin,* 9 Idaho, 338, 74 Pac. 962.)

D. Worth Clark, for Respondent.

There are now in force two distinct acts of the legislature, under either of which the respondent school district would be entitled to recover one-half of all licenses, fines and penalties collected within said village.

There being but one public school system in Idaho, and the record in this case showing that the village of Twin Falls

is wholly included within the boundary lines of school district No. 27, of what do the public schools of the village of Twin Falls consist if it is not the public schools as contained within the boundary lines of school district No. 27? (*State ex rel. Primmer v. Brodboll*, 28 Neb. 254, 44 N. W. 186; *State ex rel. School Dist. No. 11 v. White*, 29 Neb. 288, 45 N. W. 631.)

If an amendatory act in its title quotes the title of the original act, and the title of the original act is sufficient, and the number of the amended section is referred to, the title of the amendatory act is sufficient. (*People v. Oates*, 142 Cal. 12, 75 Pac. 337; *People v. Parvin*, 75 Cal. 549, 16 Pac. 490; *In re Howe*, 26 Or. 181, 37 Pac. 536; *Yellow River v. Arnold*, 46 Wis. 214, 49 N. W. 971; *Pioneer Irr. Dist. v. Bradbury*, 8 Idaho, 310, 101 Am. St. Rep. 201, 68 Pac. 295.)

AILSHIE, C. J.—This action was instituted by school district No. 27 in Cassia county, against the village of Twin Falls, for the purpose of recovering one-half of the moneys collected by the village authorities under its ordinances for liquor licenses, and also one-half of all fines and penalties collected by the village on account of violations of its ordinances. The court sustained a demurrer to the answer filed by the village and thereupon entered judgment in favor of the school district. The village has appealed from the judgment, and presents two propositions to this court as its reasons for seeking a reversal of the judgment. First, it is contended by counsel for appellant that under the statute it was not intended that the village should pay over any portion of licenses and fines collected unless the school district is wholly within the corporate limits of the municipality. In this case the school district embraces the whole of the village of Twin Falls and a large body of surrounding country. We do not think this contention is well taken. Under the laws of this state we only have one public school system, and it was evidently the intention of the legislature that one-half of this money should be contributed to the public schools embracing the territory in which it was collected. The law providing for the organization, management and control of

school districts in this state is entirely separate and independent from the laws relating to the organization and government of cities and villages, and it has nowhere been provided or required that the boundaries of any school district shall coincide with the boundaries of a city or village. One school district may comprise the whole of a city or village and a much larger territory, or, on the other hand, the village might be divided into two or more districts. The undoubted object of the legislature was to provide that one-half of such license money and fines should be set aside for the use and benefit of the school or schools embracing the territory from which the money was collected.

The second contention made by appellant is that the act of March 9, 1903 (Sess. Laws 1903, p. 432), entitled, "An act amending section twenty-four of an act entitled, 'An act to provide for the organization, government and powers of cities and villages,' approved February 10, 1899," is unconstitutional and void. Section 2231 of the Revised Statutes of 1887, which is found in the title of the Revised Statutes dealing with "towns and villages," provided that, "All moneys which are collected within the limits of such town or village for liquor and gambling licenses, or from fines or penalties under any ordinance of said town, must be paid over by the officers collecting same to the trustees of the several school districts of said town or village for the benefit of the public schools of said town or village, the same to be divided, in case there are more than one district in said town or village, among the several districts in proportion to the number of children of school age residing in each, according to the last school census in such district." The first session of the legislature after the adoption of the constitution, passed an act entitled, "An act to amend title 13 of the Revised Statutes, entitled 'towns and villages,'" which act was approved March 7, 1891 (Sess. Laws 1891, p. 159). The legislature by this latter act amended section 2231 of the Revised Statutes to read as follows: "One-half of all moneys which are collected within the limits of such city, town or village for liquor and other licenses, or from fines or penalties under

an ordinance of such city, town or village must be paid over by the officers collecting the same into the city, town or village treasury for general revenue purposes; and one-half of such moneys must be paid to the trustees of the several school districts of said city, town or village for the benefit of the public schools of said city, town or village, the same to be divided in case there is more than one district in said city, town or village; then among the several districts in proportion to the number of children of school age residing in each, according to the last school census in such district." The following session, which convened in 1893, passed an act entitled, "An act to provide for the organization, government and powers of cities and villages" (Sess. Laws 1893, p. 97), and section 24 thereof provided as follows: "All fines and penalties collected, arising from a breach of ordinances of the city shall be paid to the city treasurer; and all fines and penalties collected arising from misdemeanors under the laws of the state, shall be paid to the county treasurer." In 1899 the legislature, by act of February 9th, re-enacted the amendment to section 2231 as approved March 7, 1891, and by act of February 10, 1899, also re-enacted the law for the government of cities and villages which had been approved March 4, 1893. We therefore find that the legislature at the same session amended section 2231, and also passed an act providing for the organization, government and powers of cities and villages containing section twenty-four now in question. In 1903 the legislature passed Senate Bill No. 99, entitled, "An act to amend section twenty-four of an act entitled, 'An act to provide for the organization, government and powers of cities and villages,' approved February 10, 1899." By the provisions of this act section 24 was made to read as follows: "That one-half of all the moneys which are collected within the limits of any incorporated city, town or village organized or operating under the provisions of this act as amended, or the original act of which this act is amendatory, for liquor licenses, or from fines or penalties under the ordinances of said city, town or village, must be paid into the town or village treasury for general revenue

·purposes and one-half into the treasury of the school district or districts if more than one, equally, embraced in whole or in part of the same territory as said city, town or village.'' As thus amended the two acts each provide for the same thing and the same method of distribution of these funds.

It is contended that the act of 1903 is unconstitutional, for the reason that its title is insufficient, and not in accord with the requirements of section 16, article 3 of the constitution. It is argued that this amendment had nothing to do with the ''organization, government and powers of cities and villages,'' as indicated and contemplated by the title to the original act that is here attempted to be amended. The act of February 10, 1899, had a title sufficiently broad and comprehensive to. cover, not only all matters necessary and essential to the ''organization, government and powers of cities and villages,'' but such a title is also sufficient to cover all the incidental authority, powers and duties either necessary or convenient for the complete, effective, orderly and economic administration of municipal government. Among the powers and duties of municipalities is that of collecting licenses and the passage of ordinances for the police regulation, and the laying of fines and penalties for the violation of those ordinances. It necessarily follows that the disposition and use of the money thus collected should be provided for, and it was clearly within the province of the legislature to direct the municipal authorities in the appropriation and distribution thereof. Again, section 24, as contained in the original act, prescribed the distribution to be made of all fines received from both the breach of city ordinances and state statutes defining misdemeanors.

The amendment covers the same subject matter, and also includes license money collected under city and village ordinances. It would have been competent and proper for the legislature to have directed the manner of distribution of these license moneys under the title to the original act, and it was clearly competent for them to do so by amendment. The title to this amendment not only pointed out the specific sections intended. to be amended, but it also set forth the

complete title of the original act.  It therefore gave notice
of the general subject of legislation and also of the specific
portion of the act to be amended.  The title is sufficient in
all respects to bring it within the requirements of the con-
stitutional provision invoked by the appellant.  The case of
*Turner v. Coffin,* 9 Idaho, 338, 74 Pac. 962, is not in point
here.  There the title indicated one thing while the act pro-
vided for another.  It is not so with this act.  Even if this
amendment were invalid and unconstitutional, the appellant
would still be confronted by section 2231, Revised Statutes,
as set forth in the amendment of February 9, 1899.  That
section requires the same appropriation and distribution of
this money as is required by the amendment just considered.

For the foregoing reasons the judgment of the lower court
must be affirmed, and it is so ordered.  Costs awarded in
favor of respondent.

Sullivan, J., concurs.