Points Decided.

(November 24, 1908.)

## L. VINEYARD, Appellant, v. THE CITY COUNCIL OF THE CITY OF GRANGEVILLE, IDAHO, J. JAQUES, City Clerk of said City, and F. L. LEONARD, Mayor of the City of Grangeville, Respondents.

[98 Pac. 422.]

CONSTITUTIONAL LAW—TITLE OF A STATUTE—AMENDATORY STATUTE—POWERS OF CITIES AND VILLAGES.

1. If the title to an original act is sufficient to embrace the matters covered by the provisions of an amendatory act, it is unnecessary to inquire whether the title to the amendatory act is, of itself, sufficiently broad and comprehensive to embrace all of the matters contained in the amendatory act, for if the title of the original act is sufficient to embrace the matters contained in the amendatory act, the sufficiency of the title of the amendatory act is unimportant.

2. Sec. 1, art. 12 of the constitution of this state, grants to the legislature the power to provide, by general laws, for the incorporation, organization and classification of cities and towns, which includes the power to designate the offices thereof, the manner of their election and the duties to be fulfilled by each officer.

3. The title of an act, "providing for the organization and government of cities and villages," is sufficiently broad to embrace every subject matter incident to the administration of city and village government, which includes the designation of the offices thereof and how they may be united and filled.

4. Under the provisions of sec. 16, art. 3 of the constitution of this state, the title of an amendatory act, which amends a section or certain sections of a prior act, is a sufficient title, provided it refers to the section or sections naming the title of the act amended, and the subject matter of the amendatory act is embraced within the scope of the title of the original act.

5. The title to the act of March 10, 1903 (Laws of 1903, p. 187), is sufficient, under the constitution of this state.

6. Where an act of the legislature, providing for the election of a police judge in a city, at the biennial election, is modified by a provision, to the effect that the council might provide by ordinance, that the city clerk should be ex-officio police judge, and the city council passed such ordinance prior to the regular election, next ensuing, to the effect that after such date the city clerk should become ex-officio police judge, then it became unnecessary to elect a police judge at said election.

(Syllabus by the court.)

APPEAL from the District Court of the Second Judicial District for Idaho County.   Hon. Edgar C. Steele, Judge.

An application for *mandamus* to compel the defendant city to pay salary alleged to be due.   Judgment for defendant.   *Affirmed.*

W. N. Scales, James De Haven, and F. E. Fogg, for Appellant.

The titles of the acts of 1903 and 1907 nowhere express the subject, viz., giving the council power by ordinance to confer upon the city clerk the power to act as *ex-officio* police judge, nor does the body of either act amending section 6 of the original act of February 10, 1899, contain any subject matter properly connected with the title of that; but, on the contrary, both of said amendments to said section 6 of said act of 1899 specifically provide for the election of a police judge at each biennial city election.   To this extent the amendments would be constitutional, while the proviso would not.

One of the purposes of sec. 16, art. 3 of our constitution was to prevent the insertion of important provisions in the body of the act of which no intimation is given in the title. (*Turner v. Coffin*, 9 Ida. 338, 74 Pac. 962; *Gerding v. Board of Commrs.*, 13 Ida. 444, 90 Pac. 357; Cooley's Const. Lim., 4th ed., p. 181; Sutherland's Stat. Construction, sec. 87)

No appearance for respondents.

STEWART, J.—The appellant, plaintiff below, applied to the district court of the second judicial district, in and for Idaho county, for a writ of mandate to compel the city council of the city of Grangeville, to issue to the plaintiff a city warrant for the sum of $100, alleged to be due as salary for services rendered said city as police judge for the months of May, June, July and August, 1907.   An alternative writ of mandate was issued requiring the defendant to show cause.   An answer to the petition was filed and the cause tried.   Findings of fact and conclusions of law were made and judg-

ment rendered for the defendant. This appeal is from the judgment.

The court found that the appellant was elected to the office of police judge for the city of Grangeville at the regular biennial city election, held in April, 1905, and qualified as such, and that he has ever since continued to hold and exercise the powers and duties of said office; that no other person, since the appellant was so elected, has been voted for or elected to said office; that the city council of the defendant city, by an ordinance known as Ordinance No. 31, passed April 3, 1905, fixed the salary of the police judge at $300 per year, payable monthly in installments of $25 each; that the appellant under said ordinance presented his bill in writing for salary as police judge, which was disallowed by the defendant; that on March 12, 1907, the city council of the defendant city approved Ordinance No. 61, making the city clerk *ex-officio* police judge after the first Tuesday in April, 1907, which ordinance fixed the salary of said city clerk and *ex-officio* police judge at $50 per month and repealed all ordinances or parts of ordinances in conflict therewith; that afterward at the biennial election in 1907, J. E. Jaques was elected city clerk, and in pursuance of said ordinance No. 61, became *ex-officio* police judge. As conclusions of law the court found that the appellant was not entitled to a peremptory writ, and that the acts of 1903 and 1907 (Sess. Laws 1903, p. 187, and Sess. Laws 1907, p. 307), abolished the office of police judge in cities where the council merges the office of police judge with that of the city clerk by ordinance; that said ordinance No. 61, merging the office of police judge in that of city clerk, was constitutional.

We have not been favored with a brief by counsel for the city. It seems that the trial court took the position that the city council of the city of Grangeville were given authority, by the act of March 10, 1903 (Laws of 1903, p. 187), and the act of March 13, 1907 (Laws of 1907, p. 307), by ordinance to merge the office of police judge in that of city clerk, and make the city clerk *ex-officio* police judge, while appellant contends that the acts of 1903 and 1907 are unconstitutional,

and, being so, that the office of police judge remained an elective office under the act of 1899, and there being no general election held in said city for said office in 1907, that this appellant held over until his successor was elected and qualified; that no successor having been elected, hence he still holds the office.

It appears in this case that the appellant was elected to the office of police judge at the biennial election in the city of Grangeville, held on the first Tuesday of April, 1905; that no election was held in said city for police judge at the biennial election held on the first Tuesday of April, 1907. Appellant therefore contends that, under the provision of sec. 60 of the act approved February 10, 1899 (Laws of 1899, p. 200), he held office under the election held in 1905 until his successor was elected and qualified.

It further appears that the salary of the police judge of the city of Grangeville was fixed by an ordinance approved April 3, 1905, at the sum of $300 per year, payable monthly. It further appears that by Ordinance No. 61, approved March 12, 1907, the city clerk, to be elected at the election to be held in said city on the first Tuesday of April, 1907, and biennially thereafter, should be *ex-officio* police judge of said city of Grangeville.

On March 10, 1903 (Laws of 1903, p. 187), the legislature passed an act entitled: "An act to provide for the election and appointment of officers, and to provide for the election and compensation of police judges in cities of the second class, amending secs. 6 and 8 of 'An act to provide for the organization, government and powers of cities and villages,' approved February 10, 1899." It also appears that on March 13, 1907 (Laws of 1907, p. 307), the legislature of this state passed an act to amend sec. 6 of an act entitled, "An act to amend secs. 4, 6 and 60, of an act approved February 10, 1899, entitled, 'An act to provide for the organization, government and powers of cities and villages,' approved March 15, 1905, and declaring an emergency." Appellant contends that both of these acts are unconstitutional, for the reason that they

violate the provisions of secs. 16 and 18, art. 3 of the constitution of this state.

An examination of the record in this case will show that the ordinance, by which the city of Grangeville attempted to merge the office of police judge in that of city clerk, was passed and approved March 12, 1907. The authority to enact said ordinance, therefore, is to be found in the act of March 10, 1903. The act of 1907, above referred to, has no application to this case, for the reason that it became a law after said ordinance of March 12, 1907, had been enacted. The question, then, for determination is, whether the act of 1903, *supra*, violates the provisions of secs. 16 and 18 of art. 3 of the constitution of this state.

Sec. 16 of art. 3 of the constitution provides: "Every act shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title; but if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be embraced in the title."

Sec. 18 of the same article is as follows: "No act shall be revised or amended by mere reference to its title, but the section as amended shall be set forth and published at full length."

The title to the act of March 10, 1899 (Laws of 1899, p. 192), is as follows: "To provide for the organization, government, and powers of cities and villages." This court held in the case of *School District No. 27 v. Twin Falls*, 13 Ida. 471, 90 Pac. 735, that "The act of February 10, 1899, had a title sufficiently broad and comprehensive to cover, not only matters necessary and essential to the 'organization, government and powers of cities and villages,' but such a title is also sufficient to cover all the incidental authority, powers and duties either necessary or convenient for the complete, effective, orderly, and economic administration of municipal government."

In the case of *State v. Jones*, 9 Ida. 693, 75 Pac. 819, this court quotes with approval from *Commonwealth v. Brown*, 91 Va. 762, 21 S. E. 357, 28 L. R. A. 110, as follows: "There is

another view which may be urged in support of the sufficiency of the title. It will be observed that it is an amendatory act, and not the original act on the subject. In such case, if the title of the original act is sufficient to embrace the matters covered by the provisions of the act amendatory thereof, it is unnecessary to inquire whether the title of the amendatory act would of itself be sufficient. If the title of the original act is sufficient to embrace the matters contained in the amendatory act, whether that of the amendatory act is in itself sufficient, is unimportant.''

The act of March 10, 1903, being an amendatory act, makes it unnecessary to inquire as to the sufficiency of the title of this act, provided the title of the act, of which it is amendatory, is sufficiently comprehensive to embrace all the subject matter contained in the amendatory act. This court, having held that the title of the act of March 10, 1899, was ''sufficiently broad and comprehensive to cover, not only matters necessary and essential to the 'organization, government and powers of cities and villages,' '' but also, ''all incidental authority, powers and duties either necessary or convenient for municipal government,'' does the amendatory act of 1903, come within this comprehensive view of the title of the act of 1899? We think it does. The subject matter of the amendatory act is the same as the original act. The provision found in the amendatory act, by which the council may by ordinance merge the office of police judge in that of city clerk, is an incident of city and village government, and is clearly within the power and authority necessary for the complete, effective, orderly and economic administration of city government.

Sec. 1 of art. 12 of the constitution of this state grants to the legislature the power to provide by general laws for the incorporation, organization and classification of cities and towns of the state. If, then, the legislature has power under the constitution to provide for the incorporation and organization of cities and villages, and may by an act of the legislature provide for such incorporation and organization, designating the officers thereof and the manner of electing or ap-

pointing the same, it may also specify and denominate what offices may be united and how such offices may be filled. This is clearly an incident to the administration of city government.

This court, in the case of *State v. Jones,* also quoted with approval from the *State ex rel. Mouton v. Judge,* 49 La. Ann. 1535, 22 South. 761, as follows: "Thus it is shown that it is held by every respectable authority that a title to an amendatory act which amends a section or certain sections of a prior act is sufficient if the title refers to the sections sought to be amended by number." This statement, however, should be accepted with the qualification, that the subject matter of the amendatory act is embraced within the scope of the original title. In other words, a section of an act may be amended by reference to the section and giving the title of the act amended, provided the title of the original act is broad and comprehensive enough to embrace the subject matter of the amendatory act.

Under these authorities, then, the title of the amendatory act, approved March 10, 1903, would have been sufficient, had it referred only to the section of the act, of which it is amendatory. But we are also inclined to think that the title is sufficient as an original act. "An act to provide for the election and appointment of officers and to provide for the election and compensation of police judges, in cities of the second class" is not only a sufficient title to cover the provisions contained in said act in relation to the election and appointment of the officers named therein, but is also sufficiently broad and comprehensive to embrace the provisions authorizing the city council to pass an ordinance providing that the city clerk should be *ex-officio* police judge. The title of the act of 1903 is clearly within the provisions of sec. 16, art. 3 of the constitution.

Appellant argues also that this act violates sec. 18, art. 3 of the constitution, in that it attempts to amend a section of the act of 1899 by reference to title only. An examination of the act of 1903, however, clearly shows that the section amended is set forth in full as required by said section of

the constitution.     (*Settlers' Irr. Dist. v. Settlers' C. Co.*, 14 Ida. 504, 94 Pac. 829.)

If, then, the legislature had power to provide for the organization of cities and villages, it would also have power to designate the officers thereof, and the manner of selecting the same.     Such power would also include the power to provide what offices might be consolidated and filled by one person. If the legislature had the authority to provide that the police judge should receive the same fees as justices of the peace, it would certainly have the power to say that the police judge should receive such fees, unless the office was filled by the city clerk, in which case he should pay over to the city treasury all fees by him received.     All of these matters are incidents of the administration of city government.

The provision in sec. 6 of the amendatory act of 1903, to the effect that the police judge should be elected at the biennial election, was modified by the proviso contained in said section, to the effect that the council might provide by ordinance that the city clerk should be *ex-officio* police judge. If the city council, by virtue of this authority, passed an ordinance prior to the biennial election in 1907, to the effect that after the date, on which said election should be held, the city clerk should be *ex-officio* police judge, then it became unnecessary to elect a police judge as specified in said section.     In other words, the election of a city clerk also included the election of a police judge, as one person was elected to both offices.     There is nothing in the statute to prohibit this, and it was clearly in the power of the legislature to authorize the city to take such action.

It appearing in this case that the city of Grangeville passed an ordinance, providing that the city clerk of the city of Grangeville, who should be elected at the election to be held in said city on the first Tuesday in April, 1907, and biennially thereafter, should be *ex-officio* police judge, by such ordinance the city clerk provided for the election of the appellant's successor at such election, and under sec. 60 of the act of 1899, the appellant's term of office expired upon the election of such successor.     The term of office, therefore, of ap-

pellant having expired on the first Tuesday in April, 1907, he was not entitled to any compensation for the months of May, June, July, and August, 1907.

The trial court therefore committed no error in dismissing the plaintiff's application for a writ of mandate. The judgment is affirmed. Costs awarded to the respondent.

Sullivan, J., concurs.

Ailshie, C. J., took no part in this decision.