(September 26, 1914.)

STATE OF IDAHO, to and for the Use and Benefit of J. F. McFARLAND et al., Appellants, v. PIONEER NURSERIES CO. and FIDELITY & DEPOSIT CO., of MARYLAND, Corporations, Respondents.

[143 Pac. 405.]

CONSTITUTIONAL LAW — HORTICULTURAL ACT — TITLE OF — PROVISIONS GERMANE.

1. Under the provisions of sec. 16, art. 3, of the state constitution, every act should embrace but one subject and matters properly connected therewith, which subject must be expressed in the title.

2. The purpose of said constitutional provision is to prevent fraud and deception in the enactment of laws, to avoid inconsistent and incongruous legislation and to reasonably notify legislators and the people of the legislative intent in enacting a law.

3. An act of the legislature, known as the Horticultural Act, approved February 27, 1903 (Sess. Laws 1903, p. 347), creates and defines the duties of the state board of horticultural inspection and provides for the appointment of a state horticultural inspector and deputies, provides money for their expenses, and provides penalties for the failure to comply with the provisions of said act.

4.   Sec. 8 of said act provides, among other things, that no person, firm or corporation shall engage in or continue in the business of importing and selling within the state any fruit trees, etc., without first making application therefor to said board; and also provides that such application must be in writing and accompanied by a good and satisfactory bond in the sum of $1,000, conditioned on the faithful observance of all the provisions of said act and of the laws of the state of Idaho by such applicant or applicants, their agents and representatives.

5.   Sec. 10 of said act provides, among other things, penalties for the violation of said act.

6.   Sec. 13 provides that persons shipping fruit trees or trees of any kind, within the state, shall affix to each package, bundle or parcel a distinct mark, stamp or label showing the name of the shipper, the locality where grown and the variety of the tree or shrub. ·

7.   *Held,* that the title to said act is sufficient to cover every section and provision of said act.

8.   *Held,* that sec. 13 deals directly and primarily with horticultural matters, and comes within the purview of said title and is germane to the subject of horticulture.

9.   The bond required to be given under the provisions of said act requires the dealer to fully comply with all the provisions and laws in anywise relating to or concerning nursery stock.

10.   *Held,* that if a dealer violates the provisions of said act in regard to placing the proper name of the variety upon his trees, the sureties on said bond are liable for any damages that may be caused thereby to the amount of the bond.

11.   *Held,* that the provisions of said sec. 13 clearly come within the title to said act and are germane to the subject of horticulture.

APPEAL from the District Court of the Third Judicial District for Ada County.   Hon. Charles P. McCarthy, Judge.

Action to recover damages for falsely labeling fruit trees.. Demurrer to complaint sustained and judgment entered for the defendant.   *Reversed.*

·   J. H. Peterson and T. S. Risser, for Appellants.

Section 16, art. 3 of the constitution must be given a reasonable construction.   It is sufficient if the act treats of but one general subject, and that subject is expressed in the title, directly or indirectly.   The constitution should be liberally

construed to sustain legislation not within the mischief intended to prevent. (*State v. Doherty*, 3 Ida. 384, 39 Pac. 855; *Putnam v. St. Paul*, 75 Minn. 514, 78 N. W. 90; Cooley's Const. Lim. 172; *Winters v. Duluth*, 82 Minn. 127, 84 N. W. 788; *Pioneer Irr. Dist. v. Bradley*, 8 Ida. 310, 101 Am. St. 201, 68 Pac. 295; Lewis' Sutherland, Stat. Const., secs. 115-118.)

The provisions of the statute involved in this appeal are germane to the subject expressed in the title. The general object and purpose of the law deals with horticulture and the duties of the state board of horticulture, and that is fairly indicated by the title and is sufficient. There is no fraud, deception or "log-rolling" legislation in the act, nor can any be implied. (*Kessler v. Fritchman*, 21 Ida. 30, 119 Pac. 692; *State v. Dolan*, 13 Ida. 693, 92 Pac. 995, 14 L. R. A., N. S., 1259; *Maule Coal Co. v. Partenheimer*, 155 Ind. 100, 55 N. E. 751, 57 N. E. 710.)

The provisions of the act of 1903 all relate, directly or indirectly, to the same subject, have a natural connection, and are not foreign to the subject expressed in the title, and hence they may be united in the same act. (*Pioneer Irr. Dist. v. Bradley, supra; People v. Mullender*, 132 Cal. 217, 64 Pac. 299; *Inhabitants of Montclair v. Ramsdell*, 107 U. S. 147, 2 Sup. Ct. 391, 27 L. ed. 431.)

The constitution does not mean that the title must be an index of the act. (*City of Wilson v. Herink*, 64 Kan. 607, 68 Pac. 72; *Lancy v. King Co.*, 15 Wash. 9, 45 Pac. 645, 34 L. R. A. 817; *Abeel v. Clark*, 84 Cal. 226, 24 Pac. 383; *Ex parte Liddell*, 93 Cal. 633, 29 Pac. 251; Lewis' Sutherland, Stat. Const., sec. 121.)

The constitutional provision was intended to simply expedite and facilitate proper legislation, and in order to do so the constitution will not be interpreted in a strict, narrow or technical sense, but reasonably. (*Parkinson v. State*, 14 Md. 184, 74 Am. Dec. 522; *Ryerson v. Utley*, 16 Mich. 269; *State v. Ranson*, 73 Mo. 78; *Municipality No. 3 v. Michoud*, 6 La. Ann. 605; *Montgomery Mutual Bldg. Assn. v. Robinson*, 69 Ala. 413).

This court will only determine the question as to whether the title expresses the subject of the act, and will not criticise the degree of particularity with which the subject of the act is expressed in the title, for that is a matter which is left to the discretion of the legislature. (*In re Meyer*, 50 N. Y. 504; *State v. Town of Union*, 33 N. J. L. 350; *Whiting v. Mt. Pleasant*, 11 Iowa, 482; *Indiana Central Ry. Co. v. Potts*, 7 Ind. 681; *State v. Bowers*, 14 Ind. 195.)

Wyman & Wyman, for Respondents.

"The framers of the constitution evidently meant that the title to the act should indicate both to the lawmaker and the citizen the general scope and purpose of the legislation intended, and such title should put the citizen upon notice of the proposed legislation." (*Katz v. Herrick*, 12 Ida. 1, 86 Pac. 873; *Turner v. Coffin*, 9 Ida. 338, 74 Pac. 962; *State v. Dolan*, 13 Ida. 693, 92 Pac. 995, 14 L. R. A., N. S., 1259; *Gerding v. Commissioners*, 13 Ida. 444, 90 Pac. 357; *State v. Butterfield L. S. Co.*, 17 Ida. 441, 134 Am. St. 263, 106 Pac. 455, 26 L. R. A., N. S., 1224; *Kessler v. Fritchman*, 21 Ida. 30, 119 Pac. 692; *Hailey v. Huston*, 25 Ida. 165, 136 Pac. 212; Lewis' Sutherland, Stat. Const., pp. 193, 198.)

SULLIVAN, C. J.—This action was brought to recover damages in the sum of $1,000 on a surety company bond, given under the provisions of an act creating the state board of horticulture (Sess. L. 1903, p. 347), for the alleged failure of the respondent Pioneer Nurseries Company to properly mark and label packages of apple trees with the label or mark showing the true variety of the trees, as required by the provisions of sec. 13 of said act.

The action was brought by the state of Idaho and J. F. McFarland, for the reason that the bond provided by sec. 8 runs to the state as obligee, no provision being contained in the act that any person aggrieved or injured by the fact of a nursery company's failure to comply with the requirements of said sec. 12 can sue thereon as provided by the chapter on "Official Bonds."

On demurrer to said complaint, the trial court held that the object and purpose of sec. 13 was not expressed in or embraced within the title of said act, and that said section of the act was unconstitutional for that reason, the court holding that said section was in contravention of sec. 16, art. 3, of the constitution, which section reads as follows:

"Every act shall embrace but one subject, and matters properly connected therewith, which subject shall be expressed in the title; but if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be embraced in the title."

It has been repeatedly held by this court that the title to an act under the provisions of said section of the constitution is sufficient if the act treats of but one general subject and that subject is expressed in the title. *(State v. Doherty,* 3 Ida. 384, 39 Pac. 855; *Pioneer Irr. Dist. v. Bradley,* 8 Ida. 310, 101 Am. St. 201, 68 Pac. 295; *State v. Jones,* 9 Ida. 693, 75 Pac. 819; *Turner v. Coffin,* 9 Ida. 338, 74 Pac. 962; *Katz v. Herrick,* 12 Ida. 1, 86 Pac. 873; *Gerding v. Board of Commrs.,* 13 Ida. 444, 90 Pac. 357; *State v. Dolan,* 13 Ida. 693, 92 Pac. 995, 14 L. R. A., N. S., 1259; *State v. Butterfield L. S. Co.,* 17 Ida. 441, 134 Am. St. 263, 106 Pac. 455, 26 L. R. A., N. S., 1224; *Kessler v. Fritchman,* 21 Ida. 30, 119 Pac. 692; *Hailey v. Huston,* 25 Ida. 165, 136 Pac. 212.)

The purpose of said constitutional provision is to prevent fraud and deception in the enactment of laws; to prevent log-rolling legislation; to avoid inconsistent and incongruous legislation and to reasonably notify legislators and the people of the legislative intent to be enacted in the law. (Cooley's Const. Lim., 6th ed. 172; Lewis' Sutherland on Constitutional Construction, 184.)

The question presented is whether the provisions of said sec. 13 are germane to the subject expressed in the title. The general object and purpose of said law deals with horticulture and the duties of state boards of horticulture. It was intended to protect fruit-growers and the people of the state. The title of the act is as follows:

"An act to create and define the duties of a state board of horticultural inspection and the appointment of a state horticultural inspector and deputies; to appropriate money for their expense and defining the duties thereof; to prevent the gift, sale, distribution, transportation, importation or planting of infected trees, vines, plants, cuttings, scions, grafts, pits, buds or other articles and to provide for the disinfection or destruction of the same; to provide for the extirpation of insect pests or fungus diseases found on trees, shrubs, vines, plants, fruit; to provide penalties for failure to comply with the provisions of this act."

Said act creates and defines the duties of the state board of horticultural inspection and provides for the appointment of state horticultural inspector and deputies and appropriates money for their expenses, and provides penalties for the failure to comply with the provisions of the act.

The 8th section of the act provides that no person, firm or corporation shall engage in or continue in the business of importing or selling within the state any fruit trees, etc., without first making an application therefor to said board. Such application must be in writing and accompanied by a good and satisfactory bond in the sum of $1,000, to be approved by said board, "conditioned on the faithful observance of all the provisions of this act and of the laws of the state of Idaho by such applicant or applicants and their agents and representatives."

Sec. 10 of said act is as follows: "Any person, persons, firms or corporations, his or their agents, who shall bring or import into the state fruit trees, forest trees, vines, plants, shrubs, scions, pits, or other nursery stock with intent to sell or dispose of the same, without first making application to the state board of horticultural inspection, filing the necessary bonds and securing the certificate provided for in section 8 of this act, or who, having imported said fruit trees, forest trees, vines, plants, shrubs, scions, pits or other nursery stock into the state with intent to sell or dispose of the same or any part thereof, without first notifying the state horticultural inspector or the deputy district inspector thereof, or having

said fruit trees, forest trees, vines, plants, shrubs, scions, pits or other nursery stock fumigated, as provided in section 9 of this act, or where found infested shall fail or refuse to destroy or disinfect the same, shall be deemed guilty of a misdemeanor and upon conviction thereof, shall be punished as provided by section 14 of this act.''

Sec. 13 of said act provides as follows: ''Any person or persons shipping fruit trees or trees of any kind, shrubs, vines, scions, cuttings or plants within the state shall affix to each package, bundle or parcel containing the same a distinct mark, stamp or label, showing the name of the shipper or grower, the locality where grown, and the variety of said trees, shrubs, vines, grafts, scions, cuttings, plants or buds; . . . . ''

Section 14 provides, among other things, as follows: ''Any person, persons, dealers or shippers . . . . who shall sell or offer for sale, gift, distribution, transportation or planting . . . . or who shall refuse or neglect to attach a distinct mark or label as hereinbefore provided, shall be deemed guilty of a misdemeanor and upon conviction thereof shall be fined not less than twenty-five or more than three hundred dollars. All sums so collected shall be paid into the state treasury.''

It will be observed from the provisions of said act that it prohibits not only the importation and sale of infected fruit trees, but it requires the person shipping fruit trees into the state to ''affix a distinct mark, stamp or label showing the name of the shipper or grower and the locality where grown and the variety of said trees,'' and in addition to a civil action which the injured person has in the bond provided for by sec. 8 of the act, the state has a criminal action against the shipper ''who shall refuse or neglect to attach a distinct mark or label as herein provided.'' The bond required by the provisions of sec. 8 is ''conditioned for the faithful observance of all the provisions of this act and of the laws of the state of Idaho by said applicant or applicants and their agents and representatives.'' Now, said act provides that the person or persons shipping fruit trees within the state shall affix to each package, etc., the name of, the shipper or

grower, the locality where grown and the variety of said trees, etc. It is clear that said act deals directly and only with horticulture and horticultural interests of the state, and especially fruit horticulture. It clearly embraces but one subject and matters properly connected therewith, and that subject is certainly expressed in the title. The subject of the act deals generally with horticulture, creates and defines the duties of the state board of horticultural inspection, etc. It would have been sufficient if all of the title had been left out except the following: "An act to create and define the duties of a state board of horticultural inspection and the appointment of a state horticultural inspector and deputies; to appropriate money for their expense and defining the duties thereof; and to provide penalties for failure to comply with the provisions of this act." The title as above given would be sufficient to cover every section of said act, since the act deals with horticulture and the creation of a state board, etc.

Said sec. 13 deals directly and primarily with horticultural matters and clearly comes within the purview of said title. The legislature evidently undertook to index some provisions of the act but did not index all of them.

The bond in question is in conformity with and contains the conditions required to be contained therein by the provisions of said sec. 8. Among other things, it contains the following provisions: "The conditions of this obligation are as follows: If the above-bound principal shall faithfully demean himself as a dealer in fruit trees, forest trees, . . . . and shall as such dealer fully comply with all of the provisions of an act of the legislature of the state of Idaho, entitled [here follows the title of the act] approved February 28, 1903, and shall fully comply with the provisions of all the laws of the state of Idaho in any wise relating to or concerning nursery stock and dealers therein, then this obligation to be void; otherwise to remain in full force and effect."

The conditions of that bond are clear and unequivocal. They require the dealer in fruit trees to faithfully demean himself as such and to "fully comply with all the provisions"

of said act, and the provisions of sec. 13 of the act require the seller to mark each package with a stamp or label showing the name of the shipper or grower, the locality where grown and the variety of the tree or shrub or vine. This was for the protection of the purchaser as well as to give certain information to the horticultural inspectors. It was just as obligatory under the provisions of said act for the seller to mark the variety of the tree as it was to give the name of the grower and the locality where grown. The legislature no doubt considered it as important to protect the purchaser in obtaining the kind or variety of tree purchased as to protect him from the diseases and pests with which fruit trees are sometimes infected. A purchaser might be injured more by the failure of the seller to deliver him the kind of trees purchased than he would be by delivering him trees infected with insects or disease, since the insects or disease might be gotten rid of while a seedling or some inferior kind of apple tree could not be easily changed to a standard variety.

This court has held in a number of cases that the provisions of an act which relate directly or indirectly to the same subject and have an actual connection and are not foreign to the subject expressed in the title may be united in the same act. (*Pioneer Irr. Dist. v. Bradley,* 8 Ida. 310, 101 Am. St. 201, 68 Pac. 295.) As bearing upon this subject, see, also, *State v. Doherty,* 3 Ida. 384, 39 Pac. 855; *State v. Dolan,* 13 Ida. 693, 92 Pac. 995, 14 L. R. A., N. S., 1259; *Kessler v. Fritchman,* 21 Ida. 30, 19 Pac. 692.

This court held in *Pioneer Irr. Dist. v. Bradley, supra,* that however numerous the provisions of an act may be, if they can be, by fair intendment, considered as falling within the subject matter legislated upon in such act, or necessary as ends and means to the attainment of such subject, the act will not be in conflict with said constitutional provision.

The title to such act is not of such a character as to mislead or deceive either the legislature or the public as to the legislative intent. It is broad enough to cover the subject dealt with in the act, and the provisions of said sec. 13 clearly come within said title, and are not repugnant to said provision

of the constitution because of not being included within the title.

It is the well-established rule that where there is a doubt as to the subject expressed in the title, the doubt should be resolved in favor of the validity of the act; but it seems to us there can be no doubt here. Said provisions of sec. 13 clearly come within the subject expressed in the title and are germane to the subject of horticulture.

The trial court therefore erred in holding that said act was unconstitutional and in sustaining said demurrer. The judgment is reversed and the cause remanded for further proceedings in accordance with the views expressed in this opinion. Costs are awarded to the appellant.

Truitt, J., concurs.