(No. 5423. December 19, 1929.)

SCENIC–BETTER ROADS HIGHWAY DISTRICT, a Municipal Corporation, Respondent, v. T. B. HAY and CLYDE SHAY, Copartners as HAY & SHAY, Appellants.

[283 Pac. 41.]

Ezra R. Whitla, for Appellants.

Everett E. Hunt and C. H. Potts, for Respondent.

WM. E. LEE, J.—This action, by the Scenic-Better Roads Highway District against appellants, was brought to recover payment for the abnormal use of a highway. The use consisted in hauling sawlogs over the highway, and payment was required to defray the extra cost of maintenance on account of such use. Among other defenses, it was alleged that the statute authorizing the enforcement of payment for the use of the highway was in conflict with art. 3, sec. 16 of the Constitution of the state, in that the subject matter of the act is not embraced in the title. The authority relied on by the highway district is found in the following provision contained in chap. 74, of the laws of 1921, as amended by chap. 102, of the laws of 1923:

"Provided, further, That commissioners of counties, highway districts . . . . are hereby authorized, when in their judgment any traffic over such roads or highways is of such a nature as may be deemed abnormal, or of a nature which will cause undue damage to the roads and highways, to require payment . . . . sufficient to provide for the cost of extra maintenance made necessary by such traffic, if permitted to operate over the roads and highways."

The title of the original act reads:

"An Act to provide restrictions as to weight and size of motor vehicles as used upon the highways of this state and providing for special permit, and declaring an emergency."

The title of the amendatory act reads:

"An act to amend section 2 and section 3 of chapter 74 of the Laws of 1921 providing restrictions as to weight and size of motor vehicles and other vehicles as used upon the roads and highways of this state and providing for special permit; prescribing penalties and declaring an emergency."

The titles of the two acts, in so far as the question for determination is concerned, are the same; *they limit the subject matter to restrictions concerning the weight and size of vehicles* used on highways. That portion of *the subject matter* of the amendatory act in question *authorizes the commissioners* of highway districts, in certain events, *to require payment for using the highways.* The vesting of authority in the commissioners of highway districts to require payment for using the highways is neither embraced in the titles of the acts nor properly connected therewith; the subject matter has no relation to restrictions as to the weight and size of vehicles used on the highways. Since the provision of the amendatory act, on which the highway district relied for authority to require payment for the use appellants made of the highway, is not expressed in the title of either the original or amendatory act, and is not properly connected therewith, it is void (Const., art. 3, sec. 16; *State v. Jones,* 9 Ida. 693, 75 Pac. 819; *Gerding v. Board of County Commrs.,* 13 Ida. 444, 90 Pac. 357; *Vineyard v.*

*City Council,* 15 Ida. 436, 98 Pac. 422), and the judgment is reversed.

Costs to appellants.

Budge, C. J., and Givens, T. Bailey Lee, and Varian, JJ., concur.